NICK, Appellant, v. STATE HIGHWAY COMMISSION, Respondent.

*October 30—November 26, 1963.*

For the appellant there was a brief by *Walstead, Anderson, Bylsma & Eisenberg* of Madison, and oral argument by *Elliott N. Walstead*.

For the respondent the cause was argued by *A. J. Feifarek,* assistant attorney general, with whom on the brief was *George Thompson,* attorney general.

GORDON, J.   In *Nick v. State Highway Comm.* (1961), 13 Wis. (2d) 511, 109 N. W. (2d) 71, this court held that an impairment of the use of property by the exercise of the police power, where the property itself is not taken by the state, does not entitle the owner of such property to compensation.   It was noted that Mrs. Nick still had access to Highway 30 via the use of Calhoun road.

The court relied on the reasoning of *Carazalla v. State* (1955), 269 Wis. 593, 608b, 70 N. W. (2d) 208, 71 N. W. (2d) 276, which was also a controlled-access highway case. In *Carazalla,* this court approved the conclusion of text writers that if no land is taken for the converted highway but an abutting landowner's access to the highway is merely made more circuitous, no compensation should be paid. *Stefan Auto Body v. State Highway Comm.,* ante, p. 363, 124 N. W. (2d) 319.

In the present proceedings, Mrs. Nick seeks a permit to construct a driveway from her property to Highway 30. The commission denied her application without a formal hearing, asserting that any additional access points would not be in the public interest.   Mrs. Nick believed that she was entitled to a hearing and appealed to the circuit court.   That court dismissed her petition for review of the commission's determination, and we are in accord with that judgment.

In 1951, prior to the time of Mrs. Nick's acquisition of the property in question, the State Highway Commission declared Highway 30 to be a controlled-access highway. Mrs. Nick's predecessor in interest, Mr. Reinders, had the same opportunity which was available to all other interested parties to challenge the designation of Highway 30 as a controlled-access highway at a public hearing.

Notice of the hearing was given by publication pursuant to sec. 84.25 (1), Stats. The statutory notice provisions were reasonably calculated to apprise interested parties of the impending action. See 1 Merrill, Notice, pp. 510, 511, sec. 518.

Mrs. Nick argues that an abutting owner would not be concerned about the 1951 public hearing or disturbed by the absence of individual notice for the reason that the owner would expect to receive compensation if his property rights were later affected by the denial of a driveway permit. We are unable to accept this theory of a continuing, dormant right to challenge the propriety of the original hearing. The mistaken expectation of compensation did not give the landowner the right to take a belated appeal from the 1951 hearing. As we said in the previous *Nick Case,* at page 518a:

"We hold that the relief of judicial review of the administrative decision provided by statute is the exclusive remedy, with right of appeal from the reviewing court to the supreme court, per sec. 227.21, Stats. Appellant did not exhaust her remedy of judicial review."

Mrs. Nick can hardly complain because she did not get notice of the 1951 hearing; she did not acquire any interest in the real estate until over four years after the hearing. She knew or should have known of the status of Highway 30 at the time of her purchase. Since her predecessor in interest did not appeal the commission's decision, the circumstances of the hearing in 1951 can be of no benefit to Mrs. Nick in her present claim for a driveway permit. In the earlier *Nick Case,* at page 515, we said:

"The time to review the commission's procedure and determination long since expired and those questions were not before the trial court nor before this court. The only question properly before the court is the question of whether Reinders'

grantee, the petitioner, has a right to compensation for the restriction of direct access from her property to Highway 30."

Thus, Mrs. Nick has no current right to a hearing based upon the 1951 action on the part of the commission. Further, the statutes do not provide for a hearing upon her current application for a permit to build a driveway. There is nothing in sec. 84.25, Stats., which would authorize the hearing she seeks, nor can she qualify under sec. 227.01 (2). In the latter statute, the reference to a "hearing required by law" presupposes either (1) a hearing expressly provided for by the regulating statute or administrative rule, or (2) a hearing necessitated constitutionally by the requirements of due process.

If there were allegations of fraud or corruption on the part of the Highway Commission, due process would require a full hearing on such issues; court review of the record would also be available to fulfil the requirements of due process. However, mere inconsistency on the part of the commission is not sufficient to necessitate a hearing. An administrative agency is not bound by its prior determinations. In *Chicago, M., St. P. & P. R. Co. v. Public Service Comm.* (1954), 267 Wis. 402, 422, 423, 66 N. W. (2d) 351, an order of the public service commission was challenged on the ground that it was "arbitrary and capricious" because of alleged inconsistencies with its prior orders. The court in that case said, at page 422:

"However, it is not within our province to determine whether the findings of the commission here are consistent with those made by it in another case."

See 2 Davis, Administrative Law Treatise, p. 528, sec. 17.07.

Mere inconsistency on the part of an administrative agency does not of itself rise to the dignity of a violation of the constitutional right to equal protection before the law. The United States supreme court, in *Snowden v. Hughes* (1943), 321 U. S. 1, 8, 64 Sup. Ct. 397, 88 L. Ed. 497, said:

"The unlawful administration by state officers of a state statute fair on its face, resulting in its unequal application to those who are entitled to be treated alike, is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination. . . . But a discriminatory purpose is not presumed, . . ."

In our opinion, the inconsistencies averred by Mrs. Nick do not warrant the holding of a plenary hearing in order to comply with due process or equal protection of the law. If the petitioner's claim of arbitrary action on the part of the commission were sufficient to necessitate a judicial-type hearing, the commission would have a virtually impossible task in fulfilling the legislative responsibilities delegated to it by law. See *Ashwaubenon v. State Highway Comm.* (1962), 17 Wis. (2d) 120, 115 N. W. (2d) 498.

*By the Court.*—Judgment affirmed.

WILKIE, J., took no part.