Town of Norway, Appellant, v. State Board of Health, Respondent.
Same, Appellant, v. Committee on Water Pollution, Respondent.

*October 4—November 1, 1966.*

For the appellant there were briefs by *Lawton & Cates* of Madison, and oral argument by *Richard L. Cates*.

For the respondents the cause was argued by *James H. McDermott*, assistant attorney general, with whom on the brief was *Bronson C. La Follette*, attorney general.

HALLOWS, J. Norway contends the board and committee acted in excess of their statutory authority and jurisdiction in approving the plan in the proceeding under sec. 144.04, Stats. 1963,[1] because it failed to make a determination of the structural soundness of the proposed stabilization ponds. Norway also contends the agencies exceeded their authority under the Administrative Procedure Act, ch. 227, in failing to make

---

[1] "144.04 **Approval of plans.** Every owner within the time prescribed by the board, shall file with the board a certified copy of complete plans of a proposed system or plant or extension thereof, in scope and detail satisfactory to the board, and, if required, of existing systems or plants, and such other information concerning maintenance operation and other details as the board requires. Material changes with a statement of the reasons shall be likewise submitted. Before plans are drawn a statement concerning the improvement may be made to the board and the board shall, if requested, outline generally what it will require. The board shall examine plans and conditions without delay, and, as soon as possible approve or disapprove or state what it will require. Approval may be subject to modification by the board upon due notice. Construction or material change shall be according to approved plans only."

a finding on a disputed issue of fact. We agree with the first contention but not with the second.

The approvals of April 9th and 13th were made in a proceeding under sec. 144.04, Stats., which did not constitute a contested case within the meaning of ch. 227 requiring the making of findings of fact. In *Ashwaubenon v. Public Service Comm.* (1963), 22 Wis. (2d) 38, 125 N. W. (2d) 647, 126 N. W. (2d) 567, and in *Nick v. State Highway Comm.* (1963), 21 Wis. (2d) 489, 124 N. W. (2d) 574, we pointed out a contested case before an agency is one in which a hearing is required by law or by constitutional provisions of due process. The approval of plans for a proposed sewage-treatment system under sec. 144.04 does not depend upon a requirement of a prior hearing, nor have the agencies promulgated a rule which requires a hearing as a condition precedent in a proceeding for the approval of such plans. Sec. 144.04 requires the board to examine the plans and conditions without delay and as soon as possible approve or disapprove or state what it will require. In performing this function the agency may and in this instance did hold gratuitous hearings. But gratuitous hearings do not change the nature of a legislative type of hearing in an administrative proceeding to a "contested case." It is not the fact but the requirement of a hearing which is the test. *Milwaukee v. Public Service Comm.* (1960), 11 Wis. (2d) 111, 104 N. W. (2d) 167; *Park Bldg. Corp. v. Industrial Comm.* (1960), 9 Wis. (2d) 78, 100 N. W. (2d) 571.

A contested case is defined in sec. 227.01 (2), Stats. 1963, as a proceeding before an agency in which after hearing required by law the legal rights, duties or privileges of a party to the proceeding are determined or directly affected by a decision or order and in which proceeding the assertion by one party of such right, duty or privilege is denied or controverted. The fact a contest or dispute arose in the instant case over the

plan and particularly over structural soundness· of the embankments of the ponds did not change the legislative nature of the hearing into a contested case. A contest in fact or a dispute in a layman's sense does not satisfy the definition of a contested case in sec. 227.01 (2) unless the hearing in which such contest arose was required to be held. We hold there was no requirement by virtue of sec. 227.13 to make a finding of structural soundness in the proceeding under sec. 144.04.

However, we think the board and committee acted in excess of their statutory authority and jurisdiction in approving the plan without making a determination, whether expressed in a finding or not, that the sewage-treatment facility would be reasonably structurally sound. We are told the committee has a standing practice of not passing on structural soundness but we find no statutory authority for such practice. Perhaps structural soundness can be assumed in a plan submitted by licensed engineers when the issue is not raised, but when the issue is raised before the committee in any proceeding and the testimony is in conflict we think the agency vested with the power of approving such plans must give consideration to the issue and resolve it. Here, the plan was approved with an express reservation that structural soundness was not passed upon. In effect, the agencies have approved a plan for a facility designed to treat sewage so as not to pollute public waters without determining the facility will structurally perform.

It is true, as pointed out by the agencies, sec. 144.04, Stats., relating to the approval of plans for sewerage systems or plants does not expressly require approval of structural soundness. But we think the whole purpose of requiring approval is frustrated if the agency approves a plan without determining whether it will in fact accomplish its objective. By sec. 144.03 the board has general supervision and control over sewage disposal in order to protect public health. In the exercise

of this power it is implied the board shall make a determination that a proposed facility will be effective in preventing pollution. This was a duty of both agencies because the committee by sec. 144.53 (5), Stats. 1963, has the same power to approve plans as the board. The determination under review is not justified because the proposed sewerage facility was to be temporary in nature and one of the conditions of the approval was the immediate discontinuance of the use of the facility upon the availability of the metropolitan sewerage system to the area. We think the agencies abdicated their duty and thus acted in excess of their authority and jurisdiction in approving the plan.

The trial court thought these approvals were probably orders and therefore subject to administrative review under secs. 144.10 and 144.56, Stats. We think these sections refer to an order in a technical sense because the review provided is limited to the necessity for and the reasonableness of the order. These sections are companion sections; sec. 144.10 provides a review from the order of the board while sec. 144.56 provides a review from the committee. In both instances the determination on the review is subject to a judicial review under ch. 227. See also sec. 144.537. We think the approval of the plans is subject to direct judicial review under secs. 227.15 and 227.16, as an administrative decision.

It is contended Norway is not a "person aggrieved" by the approval and therefore has no standing on judicial review. Sec. 227.16 (1), Stats., provides any person aggrieved by a decision specified in sec. 227.15 and directly affected thereby is entitled to a judicial review. The agencies rely on *Greenfield v. Joint County School Comm.* (1955), 271 Wis. 442, 73 N. W. (2d) 580, for the proposition that to be an aggrieved party one must have an interest recognized by law in the subject matter which is injuriously affected by the judgment. It is conceded Norway has no riparian interest in Wind lake but

by authority of sec. 60.18 (12), it passed a resolution in 1962 authorizing the town board of Norway to exercise the powers of a village board. These powers include the right to manage and control navigable water and to act for the health, safety, welfare and convenience of the public. Sec. 61.34 (1). The pollution of public waters is a matter of great public concern and inimical to public health. *State ex rel. Martin v. Juneau* (1941), 238 Wis. 564, 572, 300 N. W. 187. This concern is not exclusively that of the board and the committee. We think this governmental right in the town board of Norway to prevent and control the pollution of waters is sufficient legal interest to constitute Norway an aggrieved person.

It is true the power is vested in the board rather than in the town as an entity, but Norway as a town can only act through its board and its board can only act for it. In this respect the instant facts are essentially different than in *Milwaukee v. Milwaukee County School Comm.* (1959), 8 Wis. (2d) 226, 99 N. W. (2d) 186, where it was held the city of Milwaukee and the Milwaukee board of school directors did not have a legal interest because they had no power over school matters in the area involved. Significantly here, the town of Muskego, not its town board, was ordered to present plans to eliminate the nuisance caused by sewage seepage.

We note by ch. 614, Laws of 1965, that ch. 144, Stats., has been extensively revised and the department of resource development, so far as the facts of this case are concerned, now has the powers and duties previously vested in the board and committee to pass upon the plan under review.

*By the Court.*—Judgments are reversed, with directions to set aside the approvals and to remand the cases to the department of resource development for further proceedings not inconsistent with this opinion.