RUHMER, Respondent, v. WISCONSIN STATE TEACHERS RETIREMENT BOARD and others, Appellants.

*No. 150. Argued October 5, 1970.—Decided November 3, 1970.*
(Also reported in 180 N. W. 2d 542.)

420

For the appellants there was a brief by *Robert W. Warren,* attorney general, and *David G. McMillan,* assistant attorney general; the cause was argued by *Warren M. Schmidt,* assistant attorney general.

For the respondent there was a brief by *Schloemer, Schlaefer, Gordon & Alderson* of West Bend, and oral argument by *William F. Alderson.*

HANLEY, J. The basic issue on this appeal is whether the procedure set forth in the statute for the application and determination of eligibility for the disability annuity, under the Wisconsin State Teachers Retirement Law, as

followed in the instant case, deprived the respondent of due process of law.

Ch. 227, Stats., governs administrative procedure and review in Wisconsin. Sec. 227.07 provides as follows:

"Prior to the final disposition of any contested case, all parties shall be afforded opportunity for full, fair, public hearing after reasonable notice, but this shall not preclude the informal disposition of controversies by stipulation, agreed settlement, consent orders, or default."

The phrase "contested case" mentioned in sec. 227.07, Stats., is defined in sec. 227.01 (2) :

" 'Contested case' means a proceeding before an agency in which, after hearing required by law, the legal rights, duties or privileges of any party to such proceeding are determined or directly affected by a decision or order in such proceeding and in which the assertion by one party of any such right, duty or privilege is denied or controverted by another party to such proceeding."

We think that the initial determination which, in effect, if it is considered binding upon the Board, creates a contested case within the above definition. The decision denies the private right of the respondent to benefits to which she claims she was entitled.

In *Nick v. State Highway Comm.* (1963), 21 Wis. 2d 489, 495, 124 N. W. 2d 574, this court, in referring to sec. 227.01 (2), Stats., stated:

". . . In the latter statute, the reference to a 'hearing required by law' presupposes either (1) a hearing expressly provided for by the regulating statute or administrative rule, or (2) a hearing necessitated constitutionally by the requirements of due process."

There is no provision in sec. 42.245, Stats., for a hearing. Therefore, a hearing was necessary in the case only if it was required by the general concept of procedural due process applicable to administrative proceedings.

The determination of whether respondent was eligible for disability benefits is, in the hands of an administrative agency, a quasi-judicial determination of fact. *State ex rel. Milwaukee Medical College v. Chittenden* (1906), 127 Wis. 468, 107 N. W. 500.

In *State ex rel. La Crosse v. Rothwell* (1964), 25 Wis. 2d 228, 238, 130 N. W. 2d 806, 131 N. W. 2d 699, this court stated:

". . . True, when an administrative agency acts in a quasi-judicial capacity it must base its decision on findings upon evidence or information obtained at a formal or court-type hearing upon valid notice. . . ."

". . . The essentials of due process are notice and an opportunity to be heard before a tribunal having jurisdiction of the cause. . . ." *Ocean Accident & Guarantee Corp. v. Poulsen* (1943), 244 Wis. 286, 295, 12 N. W. 2d 129.

Here the administrative agency has made a determination based on two documents consisting of conflicting medical opinions, submitted by the respondent, together with a form application.

The statute, sec. 42.245, makes no provision for any procedural steps except to provide in sec. 42.245 (3) (a) that the formula group member shall furnish due proof of the required state of disability. Then, in sec. 42.245 (3) (c) it provides that:

"Each initial determination of disability under this subsection shall be made by the state agency designated to make determinations of disability by agreement with and for the secretary of health, education and welfare under the federal social security laws. An initial determination of ineligibility shall be binding upon the board. An initial determination of eligibility may be accepted or rejected by the board. . . ."

We think the statute itself denies a right of hearing, where no provision is made for any hearing before any-

one with respect to determination of eligibility; and the statute provides that "An initial determination of ineligibility shall be binding upon the board." Sec. 42.245 (3) (c), Stats.

The appellants contend that respondent never requested that a hearing be held thereon, and thus no hearing was ever denied to her.

We find no merit to this contention in view of the agency letter of April 26, 1968, informing respondent that nothing further could be done with regard to her application for total disability. Furthermore, since the statute did not provide for a hearing, it is obvious the agency would not have granted a hearing.

The "rudiments of fair play" should require, after an initial determination unfavorable to the respondent, that she have a hearing on reasonable notice and an opportunity to present all evidence, testimony and argumentation to the finder of fact.

Appellants contend that the decision of the circuit court remanding the matter to the Board would have the effect of requiring the Board to make its own findings and conclusions as to the applicant's physical condition without regard to the decision of the unit. This is an erroneous conclusion. The decision of the circuit court requires, in conformance with the demands of due process, that at some stage of the proceedings a full and complete public hearing be held at which time an applicant has a right to be present, to be represented by counsel, and to offer testimony in evidence.

We think that the scheduling of a hearing to satisfy the requirements of due process is a determination to be made by the Board.

We agree with the conclusion reached by the trial court that until notice is given and hearing is had by the agency and proper findings are made by the agency, respondent is not foreclosed of her right to the benefits

she claims. The sentence of sec. 42.245 (3) (c), Stats., —"An initial determination of ineligibility shall be binding upon the board"—has the effect of depriving respondent of due process of law and is invalid.

*By the Court.*—Judgment affirmed.