L.P. VOIGT, Secretary, Department of Natural Resources
You have requested my opinion concerning the following set of facts: A group of individuals has requested a contested case hearing on the plan approval of a new air contaminant source on the theory that, if approved, the contaminant source may destroy or injure their private property. The group argues that, although sec. 144.39, Stats., does not provide a contested case hearing, constitutional due process requires that such a hearing be held.
You inquire whether their argument is valid and, if so, what standard should be applied to evaluate the deprivation of property suffered by the private property owners as well as the claimed deprivation of property (i.e., loss of funds due to delay caused by the hearing) suffered by the source owner.
The statutes involved are secs. 144.39, 227.07, and 227.01 (2), Stats. The pertinent parts of sec. 144.39, Stats., provide:
 "NOTICE REQUIRED FOR CONSTRUCTION. (1) The department shall require that notice be given to it prior to the construction, installation or establishment of particular types or classes of air contaminant sources specified in its rules. Within 15 days after receipt of such notice, the department shall require, as a condition precedent to the construction, installation or establishment of the air contaminant source covered thereby, the submission of plans, specifications and such other information as it deems necessary in order to determine whether the proposed construction, installation or establishment will be in accordance with applicable rules in force pursuant to ss. 144.30 to 144.46. If within 30 days after the receipt of such plans, specifications or other information the department determines that the proposed construction, installation or establishment will not be in accordance with the requirements of ss. 144.30 to 144.46 or applicable rules, it shall issue an order prohibiting the construction, installation or establishment of the air contaminant source. If the department does not issue such order within such 30-day period the construction, installation or establishment may *Page 117 
proceed in accordance with the plans, specifications or other information, if any, required to be submitted.
"***
 "(3) In addition to any other remedies available on account of the issuance of an order prohibiting construction, installation or establishment of such source, and prior to invoking any such remedies, any person aggrieved thereby shall, upon request in accordance with rules of the department, be entitled to a hearing on the order. Following such hearing, the order may be affirmed, modified or withdrawn.
 "(4) Any addition to or enlargement or replacement of an air contaminant source, or any major alteration therein, shall be construed as construction, installation or establishment of a new air contaminant source.
"***"
Section 144.39 provides no hearing procedure except that "any person aggrieved" may request a hearing if approval of the plans is denied.
Section 227.07, Stats., is part of the Wisconsin Administrative Procedure Act (APA), which essentially regulates agency rule making, prescribes the procedure to be followed by agencies in contested cases, and provides for judicial review of agency decisions. Section 227.07, Stats., provides:
 "Prior to the final disposition of any contested case, all parties shall be afforded opportunity for full, fair, public hearing after reasonable notice, but this shall not preclude the informal disposition of controversies by stipulation, agreed settlement, consent orders, or default."
The citizens involved claim that this matter is a "contested case" and thus requires a "full, fair, public hearing" under sec. 227.07. "Contested case" is defined by sec. 227.01 (2) as follows:
 "`Contested case' means a proceeding before an agency in which, after hearing required by law, the legal rights, duties or privileges of any party to such proceeding are determined or directly affected by a decision or order in such *Page 118 
proceeding and in which the assertion by one party of any such right, duty or privilege is denied or controverted by another party to such proceeding."
Thus, a case is considered "contested" only when the following three elements are satisfied: 1) a hearing is required by law, 2) the legal rights, duties, or privileges of a party will be determined or adversely affected by the proceeding, and 3) a controversy exists between parties. See Daly v. Natural ResourcesBoard (1973), 60 Wis.2d 208, 216-17, 208 N.W.2d 830; Hixon v.Public Service Commission (1966), 32 Wis.2d 608, 146 N.W.2d 577;Hall v. Banking Review Board (1961), 13 Wis.2d 359, 366-367;108 N.W.2d 543. Although a hearing on this particular matter would no doubt entail a determination on a privilege of the source owner which would be controverted by the property owners, the key question is whether this determination would occur after a "hearing required by law." The Wisconsin Administrative Procedure Act does not itself provide a right to an administrative hearing in contested cases. See Hoyt, Wisconsin Administrative Procedure Act, 1944 Wis. L. Rev. 214, 220-221.
In Nick v. State Highway Commission (1963), 21 Wis.2d 489,124 N.W.2d 574, the court said:
 ". . . [T]he reference to a `hearing required by law' presupposes either (1) a hearing expressly provided for by the regulating statute or administrative rule, or (2) a hearing necessitated constitutionally by the requirements of due process." Id. at 495.
See also, Town of Ashwaubenon v. Public Service Commission
(1963), 22 Wis.2d 38, 46, 125 N.W.2d 647, rehearing denied,126 N.W.2d 567.
Since no statute or rule, including sec. 144.39, Stats., requires a hearing before the Department of Natural Resources on plan approval for construction of a new air contaminant source, the question remains whether constitutional due process requires a hearing. It is my opinion that, in this matter, it does not.
In Town of Norway v. State Board of Health (1966), 32 Wis.2d 362,145 N.W.2d 790, the Town of Muskego sought plan approval for its proposed sewage treatment plant. The Town of Norway claimed that installation of a sewage treatment plant *Page 119 
would adversely affect the quality of its waters located downstream from the plant. Norway requested and received a hearing from the State Board of Health and the Committee on Water Pollution. The Wisconsin Supreme Court, however, ruled that such a hearing was not required by either statute or the constitutional provisions of due process.
 ". . . In Ashwaubenon v. Public Service Comm. (1963), 22 Wis. (2d) 38, 125 N.W.2d 647, 126 N.W.2d 567, and in Nick v. State Highway Comm. (1963), 21 Wis. (2d) 489, 124 N.W.2d 574, we pointed out a contested case before an agency is one in which a hearing is required by law or by constitutional provisions of due process. The approval of plans for a proposed sewage-treatment system under sec. 144.04 does not depend upon a requirement of a prior hearing, nor have the agencies promulgated a rule which requires a hearing as a condition precedent in a proceeding for the approval of such plans. Sec. 144.04 requires the board to examine the plans and conditions without delay and as soon as possible approve or disapprove or state what it will require. In performing this function the agency may and in this instance did hold gratuitous hearings. But gratuitous hearings do not change the nature of a legislative type of hearing in an administrative proceeding to a `contested case.' It is not the fact [of a hearing] but the requirement of a hearing which is the test. Milwaukee v. Public Service Comm. (1960), 11 Wis. (2d) 111, 104 N.W.2d 167; Park Bldg. Corp. v. Industrial Comm. (1960), 9 Wis. (2d) 78, 100 N.W.2d 571." Town of Norway, supra, 32 Wis.2d at 367.
Since the gratuitous hearing, though held, was not required by statute or constitution, the matter was deemed not to be a contested case. Id. at 367-368.
Arguably, the Town of Norway case is distinguishable on the grounds that the town was acting in a governmental capacity, not in a proprietary one, and that no deprivation of private property was alleged. In the situation at hand, the citizens are requesting a hearing to protect against injury to private property. These distinctions, however, in light of other law on the subject, do not change my conclusion that no hearing is required by law. *Page 120 
It is true that the Fourteenth Amendment to the United States Constitution often requires that state agencies provide notice and hearing before taking action which deprives an individual of "life," "liberty," or "property." Ruhmer v. Wisconsin StateTeachers Retirement Bd. (1970), 48 Wis.2d 419, 426,180 N.W.2d 542. Wisconsin's counterpart to the federal due process clause is Art. I, sec. 1, Wis. Const. Lacher v. Venus (1922), 177 Wis. 558,571-72, 188 N.W. 613. These two constitutional provisions provide as follows:
 ". . . [N]or shall any State deprive any person of life, liberty, or property, without due process of law; . . ." Amend. XIV, sec. 1, U.S. Const.
 "All men are born equally free and independent, and have certain inherent rights; among these are life, liberty and the pursuit of happiness; to secure these rights, governments are instituted among men, deriving their just powers from the consent of the governed." Art I, sec. 1, Wis. Const.
At the same time, Art. I, sec. 13, Wis. Const., requires that just compensation be afforded an individual subject to a "taking" of private property for public purposes
 "The property of no person shall be taken for public use without just compensation therefor." Art. I, sec. 13, Wis. Const.
The two concepts of due process and just compensation often overlap. See, e.g., Loeb v. Bd. of Regents of Univ. of Wisconsin
(1965), 29 Wis.2d 159, 164-65, 138 N.W.2d 277; State ex rel.Thomas v. Giessel (1953), 265 Wis. 185, 202, 60 N.W.2d 873.
Here, the property owners arguably could claim, under the due process clauses, a right not to be deprived of their lives, liberty, or property without due process and, under the just compensation provision, the right not to have their property taken for public use without just compensation. (If the source owner is a public utility, as in this case, the taking is for a public use. See Blair v. Milwaukee Electric Railway and Light Co. (1925), 187 Wis. 552, 555, 203 N.W. 912.)
It is my opinion, however, that the approval of plans for an air contaminant source does not involve a constitutionally protected *Page 121 
right and, thus, due process rights do not attach under the constitution. While it is arguable that the interest in a healthful environment, including clean air, should be afforded due process protection, the case law has held otherwise. See, e.g., Ely v. Velde (4th Cir. 1971), 451 F.2d 1130, 1139; Pinckneyv. Ohio EPA (N.D. Ohio, E.D. 1974), 375 F. Supp. 305, 309-311;EDF v. Corps of Engineers (E.D. Ark. 1971), 325 F. Supp. 728,738-739.
Further, it is my opinion that the action contemplated does not deprive the property owners of due process in determining the reasonableness of, necessity for, or compensation due for a taking, if indeed the action constitutes a taking. Whether construction of an air contaminant source would constitute a "taking" is a factual determination beyond the scope of this opinion. The cases have not dealt directly with this question. Compare Hasslinger v. Hartland (1940), 234 Wis. 201,290 N.W.2d 647; Nick v. State Highway Commission (1963), 13 Wis.2d 511,514-515, 124 N.W.2d 574, with Jost v. Dairyland Power Cooperative
(1969), 45 Wis.2d 164, 176-177, 172 N.W.2d 647; see also the discussion in Wisconsin Power and Light Co. v. Columbia County
(1958), 3 Wis.2d 1, 4-7, 87 N.W.2d 279.
Whether or not approval of plans for construction of an air contaminant source constitutes a taking, sec. 144.39, Stats., in any case does not deny just compensation. In Green Bay W. R.Co. v. Public Service Commission (1955), 269 Wis. 178,68 N.W.2d 828, a similar issue was raised with the plaintiff railroad arguing that sec. 195.29, Stats., deprived the railroad of property without due process and just compensation. Section195.29, Stats., authorized the Public Service Commission to establish, after a legislative hearing, highway crossings across railroad grades.
 "The next issue to be considered is the constitutional question. The learned trial judge in his memorandum opinion disposed of such issue as follows:
 "`The contention that the statute (sec. 195.29) which due process of law is unconstitutional must fail for the reason that the petitioner may properly seek its remedy under the condemnation statutes (ch. 32, Stats.), in a separate proceeding.' *Page 122 
 ". . . There is nothing in sec. 195.29, or in the order entered by the Public Service Commission before us on this appeal, which would prevent the Railroad Company from instituting condemnation proceedings to enforce its right to compensation for such easement.
 "Therefore, neither sec. 195.29 (1), Stats., nor said order of the Public Service Commission, has the effect of depriving the Railroad Company of its property without compensation, and such statute and order are not unconstitutional." Id. at 188.
See also David Jeffrey Co. v. Milwaukee (1954), 267 Wis. 559,592-594, 66 N.W.2d 362.
Likewise, in this instance even though sec. 144.39 authorizes the Department of Natural Resources to approve plans without a hearing, it does not require a taking of property without compensation; it does not prevent the affected property owners from instituting inverse condemnation proceedings under ch. 32 against the public utility which owns the air contaminant source.
In any event, due process does not in every case require a hearing before the administrative agency.
 "Notice and hearing in a proceeding before an administrative agency may often be necessary to comply with the constitutional requirement of due process of law, even though the statute governing the proceedings does not require a hearing, although not every administrative determination, even those affecting private individuals, requires notice and hearing. The constitutional necessity for notice and hearing must depend somewhat on the nature of the right affected by the administrative action; the nature of the power exercised and the issues to be determined; the existence of factors other than the requisite of a hearing which operate to safeguard the rights of individuals and to prevent arbitrary action on the part of officials, such as the right to judicial review, and the urgency of public need requiring prompt action without the delay necessitated by notice and hearing." (Emphasis added.) 2 Am. Jur. 2d, Administrative Law, sec. 399, pp. 204-205. *Page 123 
Resolution of the issues to be determined and the nature of the power exercised in this matter do not lend themselves to a contested case hearing. The power being exercised by the Department of Natural Resources in approving or disapproving plans is a legislative one. Cf. Ruffalo v. Common Council ofKenosha (1968), 38 Wis.2d 518, 157 N.W.2d 568; Hixon v. PublicService Commission (1966), 32 Wis.2d 608, 146 N.W.2d 577; Stateex rel. La Crosse v. Rothwell (1964), 25 Wis.2d 228,130 N.W.2d 806; Town of Ashwaubenon v. Public Service Commission (1963),22 Wis.2d 38, 125 N.W.2d 647; Town of Ashwaubenon v. State HighwayCommission (1962), 17 Wis.2d 120, 115 N.W.2d 498.
The issues to be determined under sec. 144.39, Stats., are related solely to "whether the proposed construction, installation or establishment will be in accordance with applicable rules in force pursuant to secs. 144.30 to 144.46." See sec. 144.39, Stats. The issue of whether approval of such construction will constitute a "taking" or the issue of the amount of compensation due the property owners are not appropriate for the administrative forum. Rather, such issues are appropriate for the statutorily-prescribed inverse condemnation procedures under ch. 32, Stats. These procedures, along with a public hearing on the environmental impact statement under sec.1.11, Stats., a public hearing under sec. 144.537, Stats., judicial review under ch. 227, Stats., and private nuisance actions against the source owner, act as safeguards of the individuals' rights as property owners and as members of the public.
While the property owners may prefer a public hearing at this time before the Department of Natural Resources on the issue of plan approvals, their rights are not denied or compromised by failure to receive such a hearing. The Wisconsin Constitution provides:
 "Every person is entitled to a certain remedy in the laws for all injuries, or wrongs which he may receive in his person, property, or character; he ought to obtain justice freely, and without being obliged to purchase it, completely and without denial, promptly and without delay, conformably to the laws." Art. I, sec. 9, Wis. Const. *Page 124 
This section does not guarantee a choice of remedies, however, but merely guarantees a day in court. As the court said inMetzger v. Department of Taxation (1967), 35 Wis.2d 119, 129-30,150 N.W.2d 431: "If present procedures are inconvenient or unsuitable, the legislature is the proper forum in which to seek a change."
I have researched the federal cases for analogous situations under federal statutes and the Federal Administrative Procedure Act, 5 U.S.C. Sec. 551, et seq. Much federal legislation seems to require a hearing upon agency action with possible "intervention" by "persons affected," "persons aggrieved," "interested parties," etc. Determining standing to intervene, then, is essentially a matter of interpretation of legislative intent and statutory construction. The cases are split on the question whether standing to obtain judicial review and standing to intervene consist of the same elements. Compare National Welfare RightsOrganization v. Finch (D.C. Cir. 1970), 429 F.2d 725, with FirstNational Bank of Smithfield v. Saxon (4th Cir. 1965), 352 F.2d 267. However, I found no case which stated that either standing to intervene or to seek judicial review encompassed or automatically conferred standing to initiate or demand an administrative hearing. Indeed, in Wisconsin, the court implicitly held otherwise. Town of Norway v. State Board ofHealth (1966), 32 Wis.2d 362, 145 N.W.2d 790. See also E. Gelhorn, Public Participation in Administrative Proceedings, 81 Yale L. J. 359, 386 (1972), in which the author said that standing to intervene does not envision initiation of agency proceedings. "`Intervention,' then, is technically limited to participation in an ongoing agency proceeding." (Emphasis added.)
Furthermore, the federal APA, like ch. 227, the Wisconsin APA, does not itself confer an independent right to an agency hearing.Sisselman v. Smith (3d Cir. 1970), 432 F.2d 750, La Rue v. Udall
(D.C. Cir. 1963), 324 F.2d 428, cert. denied, 376 U.S. 908.
Hence, the multitude of cases discussing standing to seek judicial review and standing to intervene in an ongoing proceeding have no bearing on the question before me — i.e., standing to seek or initiate an administrative hearing. I did find, however, several federal cases in which no statute granted either a hearing or a right *Page 125 
of intervention but in which individuals indirectly affected by agency action nonetheless sought to initiate an administrative hearing.
In those cases the courts held that constitutional due process does not require a hearing upon demand by a group of persons indirectly affected by an agency proceeding involving another. See, e.g., Hahn v. Gottlieb (1st Cir. 1970), 430 F.2d 1243; Gartv. Cole (2d Cir. 1959), 263 F.2d 244, 250-251, cert. denied
(1959), 359 U.S. 978, 79 S.Ct. 898; Trager v. PeabodyRedevelopment Authority (D. Mass. 1973), 367 F. Supp. 1000;Powelton Civic Home Owners' Association v. Department of Housingand Urban Development (E.D. Pa. 1968), 284 F. Supp. 809, 828-830.
In light of the holdings in Town of Norway, David Jeffrey Co., and Green Bay W. R. Co., supra, and the facts that the property owners' interests are more adequately safeguarded in possible condemnation and nuisance proceedings, that other public hearings will be held on the issue under sec. 1.11, Stats., that ch. 227 judicial review is available, that a citizen petition for public hearing is available under sec. 144.537, Stats., and that the Department's determination reflects a legislative rather than adjudicative function, I must conclude that constitutional due process does not require a hearing under sec. 144.39, Stats. It follows that the proceeding under sec. 144.39, Stats., is not a contested case.
Since I have concluded that there is no requirement for a hearing, your second and third questions need not be answered.
BCL:LMC *Page 126