### In re Petition of the Marble Savings Bank

[400 A.2d 1022]

No. 235-78

Present: Barney, C.J., Daley, Larrow and Hill, JJ., and Keyser, J. (Ret.), Specially Assigned

Opinion Filed April 3, 1979

*Thomas W. Costello* of *Webber and Costello,* Rutland, for Petitioner.

*Curtis L. Bourdon,* Woodstock, for Woodstock National Bank.

*M. Jerome Diamond,* Attorney General, and *Bennett Evans Greene,* Assistant Attorney General, Montpelier, for State.

**Hill, J.** The appellant, Marble Savings Bank (Marble), a banking corporation with principal office in Rutland, Vermont, petitioned the Banking Commissioner under 8 V.S.A. § 651 for a branch to be established in Woodstock, Vermont. The Commissioner held a public hearing, made findings and conclusions, and granted the petition. The Woodstock National Bank (Woodstock), a banking corporation with principal office in the Town of Woodstock, appeared at the hearing and opposed the petition.

Following the issuance of the order of the Commissioner, Woodstock appealed to the Washington Superior Court pursuant to V.R.C.P. 74. Marble moved to dismiss the appeal claiming, *inter alia,* that it was improperly brought under Rule 74. Its motion was denied. Thereafter the court, pursuant to V.R.A.P. 5(a), certified two questions to this Court.

We decline to pass upon these questions because Marble's motion to dismiss should have been granted. V.R.C.P. 74 permits an appeal by "[a]ny party entitled thereto by law . . . from the decision of any governmental agency in a contested case governed by the Administrative Procedure Act, 3 V.S.A. §§ 801–816." Assuming that the procedure here is governed by that Act, it is necessary that we determine whether this is a contested case as defined thereunder.

A " 'contested case' means a proceeding . . . in which the legal rights, duties, or privileges of a party are required by law to be determined by an agency after an opportunity for

hearing." 3 V.S.A. § 801(2). 8 V.S.A. § 651 requires the Commissioner of Banking and Insurance, before a savings bank opens a branch, to determine that such branch "will promote the general good of the state." It also provides that "[t]he commissioner shall make such investigation and hold such hearings at such times and places and upon such notice as he may deem reasonably necessary to make that determination." Although a public hearing was held and testimony taken in the instant case, the Commissioner, by the terms of the statute, was not required to hold such hearing. "It is not the fact but the requirement of a hearing which is the test." *Town of Norway* v. *State Board of Health*, 32 Wis. 2d 362, 367, 145 N.W.2d 790, 793 (1966). As the appeal was improperly taken pursuant to V.R.C.P. 74, the motion to dismiss should have been granted.

*The order of the Washington Superior Court denying the appellant's motion to dismiss is reversed, and the cause is dismissed.*