COURT OF APPEALS
DECISION
DATED AND FILED

June 13, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1178**

STATE OF WISCONSIN

Cir. Ct. No. 2022CV1046

IN COURT OF APPEALS
DISTRICT IV

NORBERT REPKA,

　　PLAINTIFF-APPELLANT,

V.

DANE COUNTY A WISCONSIN BODY CORPORATE
AND TOWN OF VERONA, A WISCONSIN TOWN,

　　DEFENDANTS-RESPONDENTS.

　　　　APPEAL from an order of the circuit court for Dane County: DIANE SCHLIPPER, Judge. *Affirmed*.

　　　　Before Kloppenburg, P.J., Blanchard, and Nashold, JJ.

　　　　**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Norbert Repka submitted to Dane County agencies a rezoning petition in which he proposed to divide his 6.21-acre property in the Town of Verona into four residential lots. The circuit court, on certiorari review, affirmed the decision of the Dane County Board of Supervisors denying the petition.[1] On appeal, Repka argues that the County's decision is not based on a correct theory of law and that the decision is arbitrary and unreasonable.[2] We reject Repka's arguments and, therefore, affirm.

## BACKGROUND

¶2 Repka owns a 6.21-acre lot on Manhattan Drive in the Town ("the property"). In December 2021, Repka submitted to the Dane County Department of Planning and Development a petition to rezone the property from RR-4, Rural Residential, to SFR-1, Single Family Residential. As part of his petition, Repka proposed dividing the property into four residential lots.

¶3 The Town received notice of the petition and, on February 1, 2022, denied the petition and filed its decision with the Dane County Zoning and Land Regulation Committee ("the Committee").

---

[1] We refer to Dane County and to the Dane County Board of Supervisors interchangeably as "the County." We refer to the Town of Verona and the Town of Verona Board of Supervisors interchangeably as "the Town."

[2] Repka also directs his arguments at the Town's decision denying his petition, which the Town filed with the County before the County made its decision. However, Repka does not cite any legal authority supporting the proposition that our review encompasses any decision other than the final decision on his petition, which is the County's decision. We address his arguments directed at the Town's decision only to the extent that those arguments are encompassed by his arguments directed at the County's decision.

¶4      The Committee scheduled a public hearing on the petition on February 22, 2022. Before the public hearing, the Committee received several letters opposing the petition from neighbors of Repka. At the February 22 hearing, the Committee heard from Repka and one of the neighbors who opposed the petition. The Committee postponed acting on the petition until its March 8 meeting to give Committee staff and Repka time to attempt to address concerns expressed by those opposing the petition and to give the Town the opportunity to provide additional information or reasoning in support of the Town's decision to deny the petition.

¶5      On March 1, 2022, the Town provided the following written response to the Committee's request for more information regarding the Town's denial of the petition:

> Mr. Repka came before the [Planning Commission] twice, the Town Board twice and his application was denied twice. He also met with [the Town Board Chair] and our [Planning Commission] Chair at least three times as well prior to the second proposal submission and chose not to incorporate any feedback beyond increasing the lot size of two lots to 1.5 acres. The Town indicated on several occasions that we would support three lots, but it appears that Mr. Repka is not interested in that configuration.
>
> His proposal was rejected because 2/4 lots do not conform to the preferred lot width to length ratio of 1:2.
>
> The driveway access agreement was not presented, which is required for approval, and will likely be complicated. Three of the four lots proposed will not have frontage. The easement itself is placed over two lots but provides access to four.
>
> The proposal presented to the [Committee] was not significantly different from the proposal rejected previously by the Town.
>
> The [Certified Survey Map] was incomplete – legal description of driveway access easement and utility

easements wer[e] missing, as was the requested note that no access from LOT 1 would be permitted onto Manhattan Drive.

Further, due to the topography of lots 1 and 2, all water without significant intervention, would be directed toward the neighbor to the north. Mr. Repka, to date, has not consulted with that neighbor regarding his proposal, which was a request of the Town.

¶6 On March 4, 2022, the Committee staff submitted a report ("the Committee staff report") that stated the following:

OBSERVATIONS: Three of the four proposed lots would have no road frontage, as required under Section 75.19(6), Dane County Code. The landowner provided a shared access driveway agreement on February 2, 2022. Based on approximate driveway easement locations and required setbacks, proposed Lot 1 would have a buildable area of less than 20,000 square feet, which may make it difficult to locate a home, a septic system and a replacement drainfield. [And], two of the four proposed lots exceed Town of Verona length-to-width standards under the town's recently approved land division ordinance.

TOWN PLAN: The property is within an Urban Residential planning area in the *Town of Verona/Dane County Comprehensive Plan*. Residential development is supported up to a density of one unit per 1.5 acres, provided design and other criteria are met. The Transportation section of the adopted plan includes the following policy: *"The Town will ensure that all new requests for land divisions along existing Town roads include public road right-of-way dedication to the current standard of sixty-six (66) foot roadway width."*

….

STAFF: Recommend denial, due to inconsistencies with the adopted town/county comprehensive plan and with town lot design standards.

(Emphasis in original.)

¶7     On March 8, 2022, the Committee heard from Committee staff, Town representatives, and Repka.  The Committee denied the petition on the grounds that it "is inconsistent with adopted town/county comprehensive plan policies and with the Town lot design standards."  The County denied the petition, citing the same reasons, on March 17, 2022.

¶8     Repka sought certiorari review of the County's decision denying his petition, and the circuit court issued a written decision and order affirming the decision.  Repka appeals.

## DISCUSSION

¶9     We briefly summarize the statutory procedure pertinent to the County's consideration of Repka's rezoning petition.  A petition for rezoning is a request to amend a county zoning ordinance, which calls for a legislative decision. *See Quinn v. Town of Dodgeville*, 122 Wis. 2d 570, 584, 364 N.W.2d 149 (1985) (stating that "rezoning by amending the ordinance is equally legislative" as zoning).   Under WIS. STAT. § 59.69(5)(e) (2021-22), a property owner may petition for amendment of a county zoning ordinance by filing the petition with the county clerk.[3]   WIS. STAT. §§ 59.69(5)(e)1., 59.001(2) (defining "clerk" as "county clerk").  The county zoning agency must issue a notice of a public hearing on the petition and send a copy of the notice to the town clerk of each town affected by the petition.  Sec. 59.69(5)(e)2.  If a town board disapproves the petition, the town board may file a copy of the resolution disapproving the petition with the county zoning agency before, at, or within 10 days after the public

---

[3] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

hearing called by the county zoning committee. Sec. 59.69(5)(e)3. When, as here, only one town is affected by the petition and that town files such a resolution, then the county zoning agency "may only recommend approval with change or recommend disapproval." Sec. 59.69(5)(e)3.[4] If the county zoning agency after the public hearing recommends denial of the petition, it shall report its recommendation and reasons for denial to the county board, which may deny or refuse to deny the petition. Sec. 59.69(5)(e)4., 5.

¶10     As just noted, rezoning is a legislative function, meaning "judicial review is limited and judicial interference restricted to cases of abuse of discretion, excess of power, or error of law." *Schmeling v. Phelps*, 212 Wis. 2d 898, 912-13, 569 N.W.2d 784 (Ct. App. 1997); *see also Quinn*, 122 Wis. 2d at 578-581, 584-86. "An exercise of legislative discretion by a zoning authority may not be disturbed on judicial review if there is any 'reasonable basis' for the action taken." *Schmeling*, 212 Wis. 2d at 917.

¶11     The parties agree that we review the County's decision denying the rezoning petition under common law certiorari review. *See State ex rel. Madison Landfills, Inc. v. Dane Cnty.*, 183 Wis. 2d 282, 286, 515 N.W.2d 322 (Ct. App. 1994) (applying common law certiorari review to a zoning authority's denial of a rezone petition). Our review of a zoning authority's zoning determination is limited to whether:

---

[4] As noted, the cited statutes use the term "disapproval" of the petition, while both the Town and County used the term "denied" in their decisions on the petition, the circuit court used the term "denied" in its decision, and the parties all use the term "denied" in their appellate briefs. Following the parties' lead in the record and the briefs, we generally use the term "denied" in this opinion.

6

> (1) the zoning authority acted within its jurisdiction; (2) it proceeded on a correct theory of law; (3) its action was arbitrary, oppressive or unreasonable and represented its will and not its judgment; and (4) the evidence presented was such that it could not reasonably have made the order or determination in question.

*Id.*

¶12    As stated, Repka argues that the County's decision is not based on a correct theory of law and is arbitrary and unreasonable. As the Committee staff report quoted above indicates, the County proceedings addressed whether the petition is consistent with or contrary to the "County Code," the "Town/County Comprehensive Plan," and the "Town Land Division [and Development] Ordinance."[5] Before we apply the certiorari review standards to the arguments made on appeal, we pause to address the parties' dispute over whether we may consider the Plan and the Town ordinance. Specifically, the Town objects to Repka's references on appeal to the Plan, and Repka objects to the County's references in its decision and on appeal to the Town ordinance. As we now explain, we reject both objections.

¶13    **Consideration of Comprehensive Plan.** The Town has filed in this court a motion to strike portions of Repka's appellant's brief that refer to the Plan. The Town argues that Repka failed to ensure that the Plan was made a part of the circuit court record that was transmitted to this court on appeal, and that the Plan is

---

[5] References to the County Code are to the version effective January 29, 2019. References to the Town/County Comprehensive Plan are to the 2018-2038 version, adopted March 7, 2019. References to the Town Land Division and Development Ordinance are to the 2022 version, adopted on March 1, 2022. For ease of reading, we generally refer to the County Code as "the County ordinance," to the Town/County Comprehensive Plan as "the Comprehensive Plan" or "the Plan," and to the Town Land Division and Development Ordinance as "the Town ordinance."

not subject to judicial notice under WIS. STAT. § 902.03(1)(a) because it is not an ordinance. *See* § 902.03(1)(a) (courts "shall take judicial notice of … [c]ounty and municipal ordinances"). Repka argues in response that the Town forfeited its objection because all parties referenced the Plan in their arguments to the circuit court, and that the Plan is properly subject to judicial notice because it was adopted by ordinance. This court denied the motion and ordered the parties to address this issue in their briefs.

¶14     In its respondent's brief, the Town does not elaborate on the arguments that it makes in its motion regarding the Plan not being in the record or subject to judicial notice. Instead, the Town addresses the motion in a footnote in which it: labels Repka's opposition to its motion "nonsensical;" asserts that as a result of this court's order it "is forced to respond and address" the Plan (on which the Town itself relied in its circuit court arguments); and asks that, if this court takes judicial notice of the portions of the Plan referenced by Repka, we take judicial notice of "every portion the Town references." The County does not engage on this issue.

¶15     We do not understand, and the Town does not explain, why Repka should not be able to reference, and we should not be able to consider, the Plan when the Committee staff report and the County in its decision cite the petition's inconsistency with the Plan as one ground for denial of the petition. Notably, the Town does not argue that the County erred in doing so. In light of the Town's apparent abandonment in its briefing of the arguments in its motion to this court, and because the Committee staff report and the County's decision contained in the record reference the petition's inconsistency with the Plan as a ground for denying the petition, and the Plan was adopted by ordinance, we conclude that the Plan is properly subject to judicial notice and considered on appeal.

8

¶16 **Consideration of Town Ordinance.** Repka argues that we should not independently consider or address the County's references to the Town ordinance because the Town ordinance was adopted after the Town denied the petition. Repka correctly states that the Town initially denied the petition on February 1, 2022, the same day on which there was a public hearing on the proposed adoption of the Town ordinance. TOWN OF VERONA, WIS., LAND DIVISION AND DEVELOPMENT ORDINANCE, § 1.2. However, the Town subsequently adopted the Town ordinance on March 1, 2022, VERONA ORD., § 1.2., the same day on which the Town submitted to the County Committee its reasoning supporting its denial of the petition. Thus, the Town ordinance was in effect when the Committee staff report was prepared on March 4, 2022, when the Committee recommended that the petition be denied on March 8, 2022, and when the County denied the petition on March 17, 2022. Accordingly, the County properly referenced the Town ordinance, and we reject Repka's argument that we should not consider and address the County's references to the Town ordinance. *See Miller v. Zoning Bd. of Appeals of Vill. of Lyndon Station*, 2022 WI App 51, ¶15 n.9, 404 Wis. 2d 539, 980 N.W.2d 295 (on certiorari review, the court considers "the record that existed before the government entity or agency").

¶17 **The County's Decision.** We now turn to our review of the County's decision. It is evident from the County's discussion at the two hearings it held on the petition that the County relied on both the Town's reasoning and the Committee staff report in denying the petition. The Committee staff report identifies at least two specific respects in which the petition is contrary to the County ordinance, the Plan, and the Town ordinance. We now explain why we conclude that the County reasonably denied the petition based on these two grounds.

9

¶18    The first violation identified by the Committee staff report is that three of the proposed lots do not have frontage on a public road, contrary to § 75.19(6)(b) of the County ordinance.  This ordinance requires each lot to have frontage of at least 66 feet connecting to a public road:

> Every lot or parcel shall front or abut a public street to promote safe ingress/egress and facilitate the possible development of a public right-of-way that could service additional lots.  The required frontage shall be provided through fee ownership, except as provided in section 75.19(8).  Lots shall maintain a minimum frontage of 66 feet connecting directly onto a public street at a location where the driveway shall be constructed in compliance with all other applicable local state and federal regulations ….

DANE COUNTY, WIS., ORDINANCE, § 75.19(6)(b).

¶19    An exception to the frontage requirement is set forth in DANE COUNTY, WIS., ORDINANCE, § 75.19(8):

> To promote the clustering of residential lots, preservation of farmland, and efficient use of land, the committee may approve exceptions to the frontage requirement of section 75.19(6)(b) where the committee finds that the exception protects the public health, safety, and welfare, but only in towns where the town board has previously voted to adopt policies to allow such exceptions.

Section 75.19(8)(a) further qualifies the approval of exceptions as follows:

> The committee shall not approve any exception to the frontage requirement of section 75.19(6)(b) without finding that the exception is consistent with applicable town comprehensive plans adopted by the county board, town land/subdivision ordinances and the Dane County Comprehensive Plan.

DANE COUNTY, WIS., ORDINANCE, § 75.19(8)(a).

¶20    As the County explains, neither the Committee nor the County found that an exception to the frontage requirement in DANE COUNTY, WIS., ORDINANCE,

10

§ 75.19(6)(b) would protect the public health, safety, and welfare. Nor did the Committee or the County find that an exception is consistent with the Town ordinance and the Comprehensive Plan.

¶21 Pertinent to the frontage requirement violation cited in the Committee staff report, the Town ordinance requires that all certified survey maps comply with Chapter 4 of the ordinance, and section 4.1(5) of the Town ordinance states: "Every Lot/Unit shall front or abut on a public or private street unless the Town Board approves the use of a shared driveway." VERONA, WIS., LAND DIVISION AND DEVELOPMENT ORDINANCE, ch. 4, p. 21 and § 4.1(5) (July 2023). Here, the Town did not approve a shared driveway.

¶22 The second violation identified by the Committee staff report is that the proposal is inconsistent with the Comprehensive Plan. The report quotes the Comprehensive Plan as providing that the Town ensure that new land divisions along existing roads include a public road right-of-way dedication. Specifically, section 4.3 of the Comprehensive Plan, Policy No. 5, p. 26, states: "The Town will ensure that all new requests for land divisions along existing Town roads include public road right-of-way dedication to the current standard of sixty-six (66) feet roadway width." TOWN OF VERONA, WIS., COMPREHENSIVE PLAN 2018-2038, § 4.3(5). Repka's petition does not include a public road right-of-way dedication.

¶23    We conclude that the record establishes that the County reasonably denied the petition on these two grounds, based on its application of the Plan and the County and Town ordinances to the facts before it.[6]

¶24    Repka suggests an argument that requires some explanation. His initial brief does not directly argue that the County erred in basing its decision in part on the frontage requirement in the County ordinance.  But in his reply brief, he states that his argument regarding the frontage requirement begins with the contention that his petition is neither inconsistent with County ordinance design standards for shared driveways nor inconsistent with the Comprehensive Plan, because the Plan "encourages" the use of shared driveways in rural areas.  Based on these points, he contends that the Town should have approved the shared driveway here, implying that, had the Town done so, there would have been no County ordinance violation.  Even putting aside the problem of waiting to provide this argument until the reply brief, *see Bilda v. County of Milwaukee*, 2006 WI App 57, ¶20 n.7, 292 Wis. 2d 212, 713 N.W.2d 661, as we now explain, Repka provides no support for his major premise that the Town was required under the Comprehensive Plan to approve his shared driveway.

¶25    Repka cites various provisions of the Plan stating that the Town "prefers" and "will promote" shared driveways.  However, Repka cites no part of

---

[6] The Committee staff report also states that two of the lots are inconsistent with the length-to-width standards in the Town ordinance.  Because we affirm the County's denial of the petition on the two grounds identified in the text, we need not, and do not, address this third ground or Repka's arguments regarding that ground. *See Barrows v. American Family Ins. Co.*, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 (2013) ("An appellate court need not address every issue raised by the parties when one issue is dispositive.").  For the same reason, we also do not address Repka's argument that, to the extent that the County denial is also based on the neighbors' opposition based on stormwater runoff concerns, those concerns should not be considered because they are speculative and premature.

the Plan that requires the Town to approve the shared driveway in his petition. Thus, he provides no basis for his contention that, under the Plan, the Town should have approved the shared driveway in his petition. Repka also directs our attention to minutes of a Town meeting indicating that in 2017, when the Town issued a driveway permit for the property, the Town voted to "place a note 'on the permit that a shared driveway would be required if there were a second lot in the future.'" However, his petition proposes not a second lot, but four lots in total. In sum, Repka fails to show that the County erred in determining that his petition is inconsistent with the Comprehensive Plan and that it violates the County ordinance.[7]

¶26 Repka argues that the County's decision is arbitrary because it acknowledges that the Town preferred that the property be divided into three rather than four lots, and that preference, without further explanation, "is not a legitimate basis" on which to deny the petition. However, the Town could reasonably have determined that a configuration that results in only two rather than three lots not having frontage, on a property of this size and shape, would be consistent with the Plan's support of the use of shared driveways in rural areas. Based on the Town's failure to approve the shared driveway for the configuration

---

[7] In his reply brief, Repka also argues that the County cannot rely on the County ordinance violation to support its decision because neither the Committee nor the County Board "mentioned" the ordinance and the Committee staff report does not elaborate on its reference to the ordinance violation. We reject this argument because it comes too late. *See **Bilda v. County of Milwaukee***, 2006 WI App 57, ¶20 n.7, 292 Wis. 2d 212, 713 N.W.2d 661 (We generally "do not consider arguments raised for the first time in a reply brief."). We also reject it because the basis for the staff report's reference to the violation, that "[t]hree of the four proposed lots would have no road frontage, as required under" the County ordinance, is undisputed. The gravamen of Repka's argument is that, had the Town approved the shared driveway, the exceptions to the County ordinance's frontage requirement would have been met, and we address and reject that argument in the text.

proposed in the petition, the County reasonably determined that the petition violates the frontage requirement in the County ordinance, as explained above.

¶27    Moreover, "an attack based on the arbitrariness or unreasonableness of a legislative action is the equivalent of a claim of unconstitutionality based on a denial of equal protection of the laws or due process." *Schmeling*, 212 Wis. 2d at 916 (citing *Buhler v. Racine Cnty.*, 33 Wis. 2d 137, 143, 146 N.W.2d 403 (1966)).  Here, Repka notes that he presented evidence showing that the Town had approved shared driveways in Repka's neighborhood and other areas of the Town. However, Repka must show more than the fact that different decisions were made on different occasions.  *See Nick v. State Highway Comm'n*, 21 Wis. 2d 489, 496, 124 N.W.2d 574 (1963) ("mere inconsistency" does not rise to level of equal protection violation); *Schmeling*, 212 Wis. 2d at 919 (a person claiming an equal protection violation must demonstrate that the person was the object of differential treatment for improper or unlawful reasons).  We have already concluded that the petition was denied for lawful reasons, and Repka fails to point to evidence in the record showing that the decision is otherwise discriminatory.

¶28    In sum, we conclude that Repka fails to show that the County's decision is arbitrary or unreasoned.  As explained above, it is premised on the County's reasonable application of County and Town ordinances and the Comprehensive Plan to the specific proposal in Repka's petition.

**CONCLUSION**

¶29    For the reasons stated, we affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.