**R. Elliott SCEARCE, Director of Personnel (Relator), Appellant,**

v.

**Harry L. SIMMONS, Walter C. Haeussler, Mrs. Richard M. Hoffman, Members of the Civil Service Commission of the City of St. Louis (Respondents), Respondents,**

Walter Bergman et al., Intervenors.

No. 29466.

St. Louis Court of Appeals.

Missouri.

Oct. 16, 1956.

Motion for Rehearing or for Transfer to Supreme Court Denied Nov. 13, 1956.

Samuel H. Liberman, City Counselor, James V. Frank, First Assoc. City Counselor, St. Louis, for appellant.

Albert E. Schoenbeck, St. Louis, for respondents.

WOLFE, Commissioner.

This comes to the writer by reassignment and it is an action whereby R. Elliott Scearce, Director of Personnel for the City of St. Louis, sought review of an order of the Civil Service Commission of the city. The circuit court affirmed the commission and Scearce prosecutes this appeal.

The order giving rise to the dispute has to do with several positions in the Bureau of Fire Prevention in the Fire Department of the City of St. Louis. The bureau was created by Ordinance No. 42528, which became effective on December 29, 1942. The ordinance provides that this bureau in the Fire Department shall be operated under the Chief of the Fire Department. It is provided that the Chief shall detail to the bureau an officer of the Fire Department to act as Fire Marshal and another to act as Assistant Fire Marshal. There is a further provision for detailing other members of the department to the bureau to act as inspectors.

Since the ordinance became effective the Chief of the Fire Department has appoint-

ed one of the department's Batallion Fire Chiefs to act as Fire Marshal and one of the department's Fire Captains to act as Assistant Fire Marshal. They have both drawn the rate of pay fixed for the rank that they hold in the Fire Department. This also has been true of others such as Fire Fighters who have been detailed to fire prevention work with the bureau. These men are all under the Civil Service provisions of the charter as members of the Fire Department.

Article XVIII of the Charter of the City of St. Louis, which is the Civil Service Amendment, became effective on September 16, 1941. It provides in Section 3(a) for a classification of positions based upon the duties and responsibilities entailed and the allocation of each position to its appropriate class. The first classification plan made in accordance with the above provision became effective on July 16, 1943. This plan did not include the mentioned positions in the Fire Prevention Bureau. In 1954 the Civil Service Commission of the city set up as new classes to be added to the general classification plan the positions of "Fire Marshal", "Chief Fire Instructor", "Fire Prevention Inspector I", and "Fire Prevention Inspector II". Description of these positions were prepared. In April of 1954, a letter to the Chief of the Fire Department, signed by Scearce as Director of Personnel, ordered and informed the Chief that the positions in the Fire Prevention Bureau would be filled by competitive examinations.

Firemen occupying positions with the Fire Prevention Bureau and Joseph Sestric, Director of Public Safety, appealed to the Civil Service Commission. The commission heard the appeal and made the following finding and order:

"The appellants, Walter Bergman, et al. members of the Fire Prevention Bureau of the City of St. Louis, appeal from the decision of the Department of Personnel dated April 26, 1954, that civil service examinations would be held for the positions of Fire Prevention Inspector I, Fire Prevention Inspector II, Chief Fire Instructor and Fire Marshal. The Director of Public Safety has likewise appealed from this decision of the Department of Personnel.

"The position of appellants is that they are regular employees of the Fire Prevention Bureau, a specialized agency of the Fire Department of the City of St. Louis, created by Ordinance 42528, which became effective November 29th, 1942, and that they have been engaged in specialized work of fire prevention for periods ranging from one to eleven years, and that they were occupying a class of positions in the classified service at and prior to the adoption of Ordinance 47064 of the City of St. Louis which approved the new classification plan. Further that the action of the Department of Personnel in calling for examinations is arbitrary, discriminatory and violative of the Civil Service amendment, and the rules and regulations adopted pursuant thereto, in that the provisions of Ordinance 47064 constituted a reallocation of the positions which the appellants occupy for which no competitive examination or test of fitness is required. The position of the counsel for the Department of Personnel is that the position of Fire Prevention Inspector I, Fire Prevention Inspector II, Chief Fire Instructor, and Fire Marshal are new positions under the classification plan approved by the Civil Service Commission at its meeting held on April 14th, 1954 and which became effective in May, 1954, for which an examination is required.

"The Fire Prevention Bureau, as heretofore stated, was created by ordinance on November 29, 1942, said ordinance defining the duties to be performed by the persons occupying positions in said bureau. The work and

service to be performed by persons holding positions in said bureau in the future will be substantially the same as that heretofore performed by the holders of said positions. The Civil Service Commission finds that the position of Fire Prevention Inspector I, Fire Prevention Inspector II, Chief Fire Instructor and Fire Marshal under the present classification plan were classified and allocated for the purpose of correcting any error in any previous allocation. The provision of the ordinance constituted a reallocation, allocation, or title change of the positions which appellants occupy and did not constitute an original appointment or promotion. Accordingly, we find the holders of the positions Fire Prevention Inspector I, Fire Prevention Inspector II, Chief Fire Instructor, and Fire Marshal, continue to retain same with full Civil Service status without competitive examination or tests of fitness notwithstanding the reallocation, allocation, or title change.

"It is accordingly ordered that the petition of appellants to set aside the action of the Director of Personnel in calling for an examination for the positions of Fire Prevention Inspector I, Fire Prevention Inspector II, Chief Fire Instructor, and Fire Marshal, be sustained and the Director of Personnel is hereby ordered to certify petitioners to the respective positions aforesaid in the classified service.

"The above and foregoing opinion and decision was approved and adopted as the finding of the Civil Service Commission in the appeal of Walter Bergman, et al, appellants, from the action of the Director of Personnel in ordering an examination for Fire Prevention Inspector I, Fire Prevention Inspector II, Chief Fire Instructor and Fire Marshal. Motion for adoption was made by Vice-Chairman Walter C. Haeussler and seconded by Commissioner Mrs. Richard M. Hoff-man. Motion was carried by affirmative vote of all Commissioners."

As stated, R. Elliott Scearce, Director of Personnel, by certiorari, sought to set aside the order of the Civil Service Commission, and upon review in the circuit court the order of the commission was affirmed and Scearce brought this appeal.

After the issuance of the writ the parties comprising the Civil Service Commission filed their return to the merits of the petition and also averred that the Director of Personnel was without authority to prosecute the writ as he was bound by the decision of the Civil Service Commission. It is again urged that the Director of Personnel has no right by certiorari or otherwise to seek a review of the commission's findings.

The Director of Personnel is appointed by the Mayor from a list of three eligibles certified to him by the Civil Service Commission. The director is head of the Department of Personnel and it is his duty to keep a roster of all city employes. He is obliged to prepare rules for adoption by the Civil Service Commission. He is required to classify positions, hold examinations, and generally supervise the civil service of the city's employes. He is also secretary of the Civil Service Commission.

This commission under Article XVIII, Section 7(d) is required to determine any matter involved in the enforcement of the article and appeals brought to it by "any appointing authority, employe or taxpayer of the city, from any act of the director or of any appointing authority". This section concludes: "The decision of the commission in all such matters shall be final, subject, however, to any right of action under any law of the state or of the United States."

No right of appeal from the commission is accorded the Director of Personnel in any part of the charter. If he enjoys such a right it would have to come under the law of the state. The right of appeal under

the administrative procedure act is reserved to a party aggrieved. The final rule-making authority rests with the commission of which the Director of Personnel is the secretary. This is the structure of the Personnel Department and the fact that the Director of Personnel may disagree with a rule made by the commission cannot make him an aggrieved party.

In passing upon the right of the Administrator of Civil Aeronautics to appeal from an order of the Civil Aeronautics Board, the United States Court of Appeals, District of Columbia, Lee v. Civil Aeronautics Board, 96 U.S.App.D.C. 299, 225 F.2d 950, stated that the statute which provided for appeals from orders of the board by " 'any person disclosing a substantial interest in such order' " did not give the Administrator of Civil Aeronautics a right of appeal and that he had no such interest. That case bears out the position of the respondents, but we are not obliged to go beyond our own state for authority on the subject.

In State ex rel. Rouveyrol v. Donnelly, Mo.Sup., 285 S.W.2d 669, our Supreme Court passed upon an analogous situation. The Commissioner of Finance had refused to grant a bank charter and upon an appeal to the Board of Bank Appeals his order refusing the charter was set aside and he was directed to grant the charter. He appealed from this order of the Board of Bank Appeals and the court held that there was nothing in the applicable statutes giving the Commissioner of Finance any rights as a party after the Board of Appeals had obtained jurisdiction and that he had no right to invoke a judicial review of a decision of the board.

The Director of Personnel in the instant case is in very much the same position. He made an order which on appeal to the commission was set aside. It therefore appears that the Director of Personnel had no right to a review of the order of which he complains and that the court should have quashed the writ rather than to have affirmed the order of the commission.

It is therefore the recommendation of your Commissioner that the cause be remanded with directions to set aside the judgment and quash the writ.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The cause is accordingly remanded with directions to set aside the judgment and quash the writ.

RUDDY, Acting P. J., MATTHES, J., and SAM C. BLAIR, Special Judge, concur.