■ In the Matter of the CITY OF NEW YORK et al., Appellants, against NEW YORK UNIVERSITY et al., Respondents.— Appeal from an order of Special Term, Albany County, dismissing the petition in a proceeding under article 78 of the Civil Practice Act to review a determination of the State Tax Commission.  The register of the City of New York had held that a trust indenture executed by New York University to secure a loan by the Housing and Home Finance Agency of the United States was subject to a mortgage tax, despite the fact that the agency was an instrumentality of the United States.  Upon application to the State Tax Commission, the commission held that the city register was in error and that the instrument was exempt from tax.  It accordingly directed the register to refund the tax paid.  Under the statute, the tax is a State tax administered by the State Tax Commission, the local recording officers acting as State agents in collecting the tax.  However, since the adoption of chapter 122 of the Laws of 1944, amending section 261 of the Tax Law, the net receipts of the tax are turned over by the recording officers to the respective localities.  The court below correctly held that neither the City of New York nor the city register has any standing to challenge the decision of the State Tax Commission that no tax was payable on the indenture in question.  The register is only an agent of the State and he cannot review in the courts a direction to him by the State Tax Commission that he refund a tax collected by him.  The City of New York, under the 1944 amendment, would be the ultimate beneficiary of the tax, if one were held to be payable, but this does not entitle it to review the commission's decision.  The city was not a party to the proceeding before the commission.  Section 251 of the Tax Law authorizes a judicial review of a determination of the commission only by " a party or person aggrieved thereby ".  This contemplates a review by the person held to be liable for the tax.  If the decision is in favor of the person sought to be held liable, there is no provision for a judicial review of the commission's decision at anyone's instance.  Under the statutory scheme, the commission is the sole guardian of the public interest in such a case ( Matter of Dairymen's League v. Du Mond, 282 App. Div. 69, 75, appeal dismissed 306 N. Y. 595).  It was within the power of the commission under the statute to decide whether a tax was payable and its decision with within the frame of its power.  We do not pass on the question whether mandamus or some other remedy might be available in a case in which the commission exceeded its statutory power or deliberately refused to perform its statutory duties.  Order unanimously affirmed, with $10 costs.  Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.