■ In the Matter of IRVING G. CUMMINS, Respondent, v. FLUSHING NATIONAL BANK et al., Appellants.— In a proceeding under article 78 of the Civil Practice Act by a director and stockholder of the respondent Flushing National Bank, to direct it to submit all its books and records to him for inspection, and for a stay of any meeting of its stockholders pending such inspection, the bank and its president (the respondent Leonard J. Walsh) appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County, dated March 19, 1963, as: (1) directed the bank to submit at its office all its "books, records, papers and contracts" for inspection by the petitioner and by counsel to be selected by him; (2) permitted the petitioner "and his attorneys, accountants or other agents to make copies of any and all such books, records, correspondence and papers;" and (3) directed that the inspection continue "for as long as necessary to complete the same." Order modified on the facts and in the exercise of discretion: (a) by limiting the duration of the inspection to 10 business days; and (b) by limiting the petitioner's assistants at the inspection to one attorney or to one accountant, or to one attorney and one accountant. As so modified, the order, insofar as appealed from, is affirmed, without costs and with leave to petitioner, if so advised and upon a showing of need for additional time to complete the inspection, to apply to Special Term for an extension of the 10-day period. The inspection shall proceed at the office of the bank on 10 days' written notice or at such other time and place as the parties may mutually stipulate in writing. On the facts here presented, it is our opinion that a period of 10 days is sufficient time for the desired inspection, and that the petitioner does not need the assistance of more than one attorney or one accountant or one of each. Hence, to avoid unnecessary interference with the bank's conduct of its business, we think the inspection should be limited as here indicated. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ In the Matter of INNES & GAENZLER et al., Respondents, v. VILLAGE ASSESSOR OF THE INCORPORATED VILLAGE OF HEMPSTEAD et al., Appellants. (Proceeding No. 1.) IRVING PINSKER et al., Respondents, v. WILLIAM O. GULDE, as Mayor of the Incorporated Village of Hempstead, et al., Appellants. (Proceeding No. 2.) FRANKLIN SHOPS, INC., et al., Respondents, v. VILLAGE ASSESSOR OF THE INCORPORATED VILLAGE OF HEMPSTEAD et al., Appellants. (Proceeding No. 3.) — In consolidated tax certiorari proceedings relating to property in the Incorporated Village of Hempstead, the village officials appeal from a final order of the Supreme Court, Nassau County, entered June 8, 1961 upon the court's decision (as amended) after a nonjury trial, which inter alia (a) reduced certain assessments and (b) provided for a refund to the petitioners of the resulting tax overpayments, with interest at 6% per annum. Order modified on the law so as to provide that the interest on the refunds directed by the fourth decretal paragraph to be made to the petitioners shall be computed at the rate of 4% per annum to July 1, 1956, and at 3% thereafter. As so modified, the order is affirmed, with costs to the petitioners. The findings of fact are affirmed. Prior to July 1, 1956, section 3-a of the General Municipal Law provided for a maximum interest rate of 4% per annum on all accrued claims and judgments against municipal corporations. Effective July 1, 1956, that statute was amended so as to reduce such rate to 3%. The statute applies to tax refunds pursuant to a final order in a tax certiorari proceeding (People ex rel. Emigrant Ind. Sav. Bank v. Sexton, 259 App. Div. 566, affd. 284, N. Y. 57). Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.