MORTENSEN, Commissioner of Savings and Loan, Appellant, v. PYRAMID SAVINGS & LOAN ASSOCIATION OF MILWAUKEE, Respondent.

*No. 223. Argued November 3, 1971.—Decided November 30, 1971.*
(Also reported in 191 N. W. 2d 730.)

For the appellant there was a brief by *Jenswold, Studt, Hanson, Clark & Kaufmann* and *Bruce K. Kaufmann,* special counsel, all of Madison, and oral argument by *Bruce K. Kaufmann.*

For the respondent there was a brief by *Lowry, Hunter & Tikalsky,* and oral argument by *Thomas E. Anderson,* all of Waukesha.

HALLOWS, C. J.   The only issue presented is whether the commissioner of savings and loan is a "person aggrieved" and "directly affected" under sec. 227.16 (1), Stats., so as to have standing to maintain a petition to challenge the reversal of his decision by the savings and loan review board. The trial court held, and we think correctly so, that the commissioner of savings and loan is not a person aggrieved and is not directly affected within the meaning of sec. 227.16 (1).[1]

The basic reason for this interpretation of the statute is that the commissioner of savings and loan is a part of the decisional process of the savings and loan department and his decision only initially determines the issue in the administrative proceeding.   An administrative officer is not a party for the purposes of seeking a review of a reversal of his determination by a board of

---

[1] "227.16 **Parties and proceedings for review.** (1) Except as otherwise specifically provided by law, any person aggrieved by a decision specified in sec. 227.15 and directly affected thereby shall be entitled to judicial review thereof as provided in this chapter. . . ."

appeals. *See* 2 Am. Jur. 2d, *Administrative Law,* p. 177, sec. 368. It is stated in 2 Am. Jur. 2d, *Administrative Law,* p. 397, sec. 576, "An administrative officer who made an original decision which was appealed to a higher administrative authority was held to have no interest as a party which would entitle him to appeal from the overruling of his decision." To the same effect is 73 C. J. S., *Public Administrative Bodies and Procedures,* p. 497, sec. 159; *Mills Unemployment Compensation Case* (1949), 362 Pa. 342, 67 Atl. 2d 114. Unless the statute expressly so provides, an aggrieved party is one outside the decisional process who is directly affected.

But it is argued by the commissioner that because he alone has the legal responsibility to supervise the savings and loan industry and he is charged with the protection of public rights, these interests are sufficient to place him within the category of an aggrieved person directly affected by the decision of the savings and loan review board. While the commissioner has a personal interest in seeing his opinion affirmed, such interest does not constitute him, as an official, an aggrieved person. He relies on *Muench v. Public Service Comm.* (1952), 261 Wis. 492, 53 N. W. 2d 514, 55 N. W. 2d 40, and *Norway v. State Board of Health* (1966), 32 Wis. 2d 362, 145 N. W. 2d 790. In *Muench* we held a citizen had sufficient legal interest [2] in the use of navigable waters to challenge a public service commission's decision; and in *Norway,* we held the town's governmental right to prevent pollution was a sufficient basis to render the

---

[2] Under similar reasoning under 5 USCA, p. 173, sec. 702, it has been held the public interest in environmental recreational resources may render a litigant "aggrieved" or "directly affected" by administrative decisions. *See: Data Processing Service v. Camp* (1970), 397 U. S. 150, 153, 154, 90 Sup. Ct. 827, 25 L. Ed. 2d 184; *Environmental Defense Fund, Inc. v. Hardin* (D. C. Cir. 1970), 428 Fed. 2d 1093; *Citizens Committee for Hudson Valley v. Volpe* (2d Cir. 1970), 425 Fed. 2d 97.

town an aggrieved person entitled to challenge an administrative agency's sewerage treatment plan. But the important point is that in neither of these decisions was the citizen or the town a part of the decisional administrative process; they were bystanders, outside the decisional process.

The statute does not contemplate the commissioner would ever be a petitioner for review, because sec. 227.16 (1), Stats., provides that when a decision of the savings and loan review board is challenged, the commissioner shall be named respondent and the party challenging the decision shall be the petitioner. While it may be incongruous to have the commissioner named as respondent to defend a decision of the review board which reversed him, nevertheless that is the statutory scheme and places an offical duty upon the commissioner to defend a decision he does not personally agree with. In other respects the section indicates his decisions are subservient to the review board even though he may privately disagree with the wisdom and correctness of such decision. It is the review board's decision which is reviewed under ch. 227, not the commissioner's. *See* sec. 215.04 (6), "Any final order or determination of the review board shall be subject to review under ch. 227" and sec. 227.15 which expressly excludes review of decisions of the commissioner of savings and loan.

Nor is the commissioner the final authority of this department so as to give him a legal interest. The review board may review certain actions of the commissioner. While it is true that sec. 15.821, Stats., defining the review board's responsibility does not list sec. 215.03 (9) respecting an application for a branch, the review board may, contrary to the arguments of the commissioner, review such decision under sec. 215.04 (4) by virtue of sec. 215.03 (9) (c); and sec. 15.821 (1) does give the review board jurisdiction of matters covered by sec. 215.04.

The commissioner's decision in this matter is not final also because in reviewing the decision of the commissioner, the review board may substitute its judgment, although the findings of the commissioner are supported by substantial evidence. No statute limits the scope of review by the review board and without such limitation it may substitute its own judgment in determining the facts and the law applicable thereto. Prior to 1961 the savings and loan review board, then known as the advisory committee, reviewed the commissioner's denials of applications for certificates of authority in the manner provided in sec. 220.035, Stats., which requires the acceptance of factual findings which were supported by substantial evidence. However, the re-creation of ch. 215 by ch. 315, Laws of 1963, made the review of denials of applications for certificates of authority reviewable under statutes which are now numbered 215.04 (1) and 215.04 (4) [3] and these sections do not provide the review board must give weight to the factual findings of the commissioner. Although this change involves only the specific duty of the commissioner in reference to applications for certificates of authority, the change makes the scope of review of this type of decision compatible with the broader review of other decisions of the commissioner.

The commissioner is not an aggrieved party or directly affected by a decision of the savings and loan review board reversing him so as to seek a review thereof under ch. 227, Stats.

*By the Court.*—Order affirmed.

---

[3] Ch. 276, sec. 615, Laws of 1969, shows renumbering of sec. 215.04 (4) (d) and (7) to sec. 215.04 (1) (d) and (4).