**IOWA DEPARTMENT OF REVENUE,**
Appellee,

v.

**IOWA STATE BOARD OF TAX REVIEW, Respondent,**

v.

**MARTIN DEVELOPMENT CORPORATION,**
Intervenor-Appellant.

**IOWA DEPARTMENT OF REVENUE,**
Appellee,

v.

**IOWA STATE BOARD OF TAX REVIEW, Respondent,**

v.

**MacMILLAN OIL COMPANY,**
Intervenor-Appellant.

No. 60943.

Supreme Court of Iowa.

June 28, 1978.

Joseph G. Bertroche and William M. Murray, of Bertroche & Hagen, Des Moines, for appellant MacMillan Oil Co.

James I. Harlan, Des Moines, for appellant Martin Development Corp.

Gerald A. Kuehn and Kevin M. Maggio, Asst. Attys. Gen., for appellee.

B. A. Webster, Jr., of Gamble, Riepe, Burt, Webster & Fletcher, Des Moines, for Ruan Transport Corp. and Ruan Financial Corp., amicus curiae.

Richard S. Hudson, Des Moines, amicus curiae.

Considered by MOORE, C. J., and RAWLINGS, LeGRAND, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

The question here is whether the Iowa Department of Revenue has standing to petition for judicial review of decisions of the Iowa State Board of Tax Review. In order to answer this question we must determine the effect of the Iowa Administrative Procedure Act (IAPA) on the right to litigate an intra-governmental dispute. The trial court held the department of revenue had the necessary standing and for that reason overruled intervenors' motions to dismiss the department's petitions for judicial review. We reach the opposite conclusion and therefore reverse and remand.

This appeal arises from taxpayer challenges to sales and use tax assessments in two cases. In 1975 the department of revenue assessed Martin Development Company with $8,596.95 in use tax and MacMillan Oil Company with $12,489.72 in sales tax. Each taxpayer contended it was exempt from the assessment. Martin alleged the transactions for which it was assessed were within the casual sales exemption of § 423.-4(4), The Code, and MacMillan asserted its transactions came within the transportation exemption of § 422.45(2).

Departmental hearing officers sustained the taxpayers' challenges but, upon review, the director of revenue reversed the hearing officers' decisions. The taxpayers appealed the director's decisions to the state board of tax review, and the board reversed the director in both cases. The department then filed petitions for review against the board in district court under the IAPA, Code chapter 17A. The taxpayers intervened and moved to dismiss the petitions on the ground the department lacked standing to obtain judicial review of board of tax review decisions. The cases were consolidated for purposes of ruling, and the trial court overruled the motions. We granted interlocutory review.

A third case is tangentially involved. Ruan Transportation Corporation and Ruan Finance Corporation successfully challenged a $520,600.95 use tax assessment before the board of tax review. The department also petitioned for review of that decision in district court, and the action was still pending when this appeal was submitted.

The Ruan corporations have filed an amicus curiae brief supporting intervenors. We also have an amicus curiae brief supporting intervenors from the attorney who represented the board of tax review in the trial court.

Judicial review of agency action is governed in Iowa by the IAPA unless the IAPA or another statute expressly provides otherwise. This is shown in § 17A.1(2), The Code, which provides, "This chapter is meant to apply to * * * all suits for the judicial review of agency action that are not specifically excluded from this chapter or some portion thereof by its express terms or by the express terms of another chapter." In addition, § 17A.19 states, "Except as expressly provided otherwise by another statute referring to this Chapter by name, the judicial review provisions of this Chapter shall be the exclusive means by which a person or party who is aggrieved or adversely affected by agency action may seek judicial review of such agency action."

We find no statute and none is cited to us which would make the IAPA inapplicable in the present situation. Therefore, if the department of revenue has standing to seek judicial review of decisions of the board of tax review it must be derived from the IAPA. Otherwise it does not exist.

The provision of the IAPA governing the right to judicial review in this situation is § 17A.19(1), which provides in relevant part:

A person or party who has exhausted all adequate administrative remedies and who is aggrieved or adversely affected by any final agency action is entitled to judicial review thereof under this Chapter. This provision contains four requirements for obtaining judicial review: (1) the petitioner must be a "person" or "party"; (2) "all adequate administrative remedies" must have been exhausted; (3) the person or party must be "aggrieved or adversely affected" by the agency action; and (4) the agency action must be final.

■■■ As to the first requirement, the words "person" and "party" are defined in the statute. An agency is not a "person". § 17A.2(6). Hence the department of revenue is not a "person". However, the term "party" includes "each person or agency named or admitted as a party, or properly seeking and entitled as of right to be admitted as a party." § 17A.2(5). Therefore the department is a "party" within the meaning of § 17A.19(1). This satisfies the first requirement for seeking judicial review.

No dispute exists concerning the second and fourth requirements. All available administrative remedies have been exhausted, and the board of tax review decision is final agency action within the meaning of § 17A.19(1).

The determinative issue is whether the department is "aggrieved or adversely affected" by the board's decisions within the meaning of the statute.

■■ Like the department of revenue, the board of tax review is an agency. Thus the present controversy is a dispute between two agencies of the executive branch of state government. The parties do not cite § 679.19, The Code, which purports to require all disputes between governmental agencies to be settled by arbitration. See *Llewellyn v. Iowa State Commerce Commission*, 200 N.W.2d 881 (Iowa 1972). We pass the issue of its applicability here. The standing of one agency of government to obtain review of action of another is at least not foreclosed by the IAPA. See, e. g., *Iowa Dept. of Social Services v. Iowa Merit Employment Dept.*, 261 N.W.2d 161

(1977); cf. *Motor Club of Iowa v. Dept. of Transportation*, 251 N.W.2d 510 (Iowa 1977).

Nonetheless, in the interest of administrative finality and avoiding divisive interagency litigation, the situations in which one agency is deemed to be "aggrieved or adversely affected" by the decisions of another are subject to a limiting rule. The judicial doctrine of administrative finality seeks to foster stability of administrative decisions by defining the circumstances under which they may be attacked in a way calculated to enhance their legal effect and reliability. Minimizing the opportunities of government officials who represent identical interests to engage in intra-governmental litigation is one means to achieve that objective.

■■ Insofar as relevant here the rule is that a subordinate official or agency lacks standing to challenge in court a decision of a superior official or coordinate board or tribunal. When the persons or parties stand in the relationship of subordinate and superior, they represent the same interest. When that is true the superior is vested by the legislature with authority and responsibility to make the final administrative decision on matters affecting that interest. *Lee v. Civil Aeronautics Board,* 96 U.S.App. D.C. 299, 225 F.2d 950 (1955).

■ The subordinate's personal interest in seeing the superior's decision reversed is insufficient to confer standing. Mere pride of opinion, however sincere or deeply felt, it is not enough. See *Fadell v. Kovacik,* 242 Ind. 610, 181 N.E.2d 228 (1962); *Mortensen v. Pyramid Sav. & Loan Ass'n,* 53 Wis.2d 81, 84, 191 N.W.2d 730, 731 (1971) ("While the commissioner has a personal interest in seeing his opinion affirmed, such interest does not constitute him as an official an aggrieved person.").

One of the earliest and leading cases supporting the controlling principle is *In re Assessment Against Lytle Inv. Co.,* 219 Iowa 1099, 260 N.W. 538 (1935). In *Lytle* a county treasurer's assessment against property of certain taxpayers was set aside by

the state board of review on application of the taxpayers over the treasurer's resistance. The treasurer sought to appeal the board decision to the district court. The taxpayers appeared specially alleging the treasurer had no right to appeal the board decision. The special appearance was sustained, and the treasurer appealed to this court. Under the applicable statute only an "aggrieved party" could appeal an adverse board decision to district court. In holding the treasurer lacked standing because he was not an aggrieved party, the court said:

> The legislative intent having been to vest in the state board the ultimate authority in such matters * * * such intent would not be consistent with a construction of this statute that the Legislature intended that the inferior official by appeal could go on litigating the matter with the superior official having the ultimate authority. The right of appeal is purely statutory and unless conferred does not exist. 219 Iowa at 1102, 260 N.W. at 540.

See also *Ind. School Dist. v. Board,* 230 Iowa 924, 299 N.W. 440 (1941) (holding certiorari could not be used by one agency to challenge the decision of a superior agency when the superior's decisions were made final by statute); *County Board of Education v. Parker,* 242 Iowa 1, 45 N.W.2d 567 (1951).

The *Lytle* principle is supported by the weight of authority elsewhere. See *Fadell v. Kovacik,* 242 Ind. 610, 181 N.E.2d 228 (1962) (township assessor lacked standing to challenge a state tax board decision cancelling an assessment); *Sprague Oil Service, Inc. v. Fadely,* 189 Kan. 23, 28, 367 P.2d 56, 61 (1961) (director of revenue had no right to appeal a board of tax appeals decision— "The Director, being a subordinate agency, should not have the right to appeal from the orders of his superior authority in the absence of a clear statute granting such right of appeal."); *Assessors of Haverhill v. New England Tel. & Tel. Co.,* 332 Mass. 357, 124 N.E.2d 917 (1955) (tax assessors lacked standing to challenge constitutionality of statute under which a tax board abated an assessment); *Scearce v. Simmons,* 294

S.W.2d 673 (Mo.App.1956) (director of personnel was not "aggrieved" by reversal of his decision by civil service commission); *Mead v. State Dept. of Health,* 91 Nev. 152, 532 P.2d 611 (1975); *City of New York v. New York University,* 3 A.D.2d 954, 162 N.Y.S.2d 386 (1957) (city registrar could not appeal from decision of state tax commission); *State ex rel. Broadway Petroleum Corp. v. City of Elyria,* 18 Ohio St.2d 23, 28, 247 N.E.2d 471, 475 (1969) ("To permit the building inspector to attack the decision of the board of zoning appeals would allow him to nullify the authorized action of his superior authority * * *."); *Dept. of Labor v. Unemployment Comp. Board,* 362 Pa. 342, 67 A.2d 114 (1949); *Gensey v. Unemployment Comp. Board,* 165 Pa.Super. 457, 69 A.2d 176 (1949); *Ramsay v. Sarkas,* 110 R.I. 590, 295 A.2d 416 (1972) (local liquor authority not aggrieved by decision of state liquor authority); *Mortensen v. Pyramid Sav. & Loan Ass'n,* 53 Wis.2d 81, 84, 191 N.W.2d 730, 731 (1971) ("an aggrieved party is one outside the decisional process who is directly affected"); *Pritchard v. State,* 540 P.2d 523 (Wyo.1975); 73 C.J.S. Public Administrative Bodies and Procedures § 159. But see *State Board of Retirement v. Contributory Retirement Board,* 342 Mass. 58, 172 N.E.2d 234 (1961); *In re Halifax Paper Co.,* 259 N.C. 589, 131 S.E.2d 441 (1963) (critically analyzed in F. Davis, Standing of a Public Official to Challenge Agency Decisions: A Unique Problem of State Administrative Law, 16 Admin.L.Rev. 163, 178–180 (1964)).

In order to apply the *Lytle* principle in the present case it is necessary to determine if the department of revenue is actually subordinate to the board of tax review in the state tax law administrative decisional process.

We reserved this question when the director argued in *First National Bank of Ottumwa v. Bair,* 252 N.W.2d 723 (Iowa 1977), that he was not bound by a decision of the board of tax review. However, we said, "While we need not resolve that issue, we deem it significant the Iowa Code gives the Board review power over the director's

decisions, orders and directions, and it is granted the general power to '[p]erform such duties prescribed by law as it may find necessary for the improvement of the state system of taxation in carrying out the purposes and objectives of the tax laws.'" 252 N.W.2d at 728.

 We do not believe this issue turns on whether the agencies have separate identity or whether one is part of the other. In fact the state board of tax review is established within the department of revenue "for administrative and budgetary purposes." § 421.1, The Code. Insofar as the director of revenue has separate functions and responsibilities the "department" can be separated from the board. In that sense, as the parties in this case recognize, the present dispute is in reality one between the director and the board rather than between the department and the board.

 The relationship which is important in determining whether the department is "aggrieved or adversely affected" within the meaning of § 17A.19(1) is a functional one. Here the functional relationship is plainly defined by statute. The legislature has made the board of tax review the final administrative decisional authority on state tax matters. The process used in the present case proves the point. The department and its director are clearly subordinate to the board in the administrative structure. Among the statutory responsibilities of the board, and the one which was exercised in the present case, is the duty to:

> Advise and counsel with the director of revenue concerning the tax laws and the regulations adopted pursuant thereto; and, upon their own motion or upon appeal by any affected taxpayer, review the record evidence and decisions of, and any orders or directives issued by, the director of revenue for the assessment and collection of taxes by the department or an order to reassess or to raise assessments to any local assessor and shall [sic] expeditiously affirm, modify, reverse or remand the same. § 421.1(4), The Code.

Because the department is thus subordinate to the board in the decision-making process, it is not an aggrieved or adversely affected party having standing to petition for judicial review of board decisions.

Nothing said in this opinion is intended to pass upon the standing of a person or party outside the decisional process to challenge a board of tax review decision or to suggest that a taxpayer who receives an adverse decision from the board is not an aggrieved person with a right to petition for judicial review. We find only that the statutory relationship of the department of revenue and board is such that the department lacks standing to obtain judicial review of board decisions.

Consequently we hold that the trial court erred in overruling intervenors' motions to dismiss. We reverse and remand for entry of an order dismissing the petitions.

REVERSED AND REMANDED.