*1061 OPINION OF THE COURT
M. Dolores Denman, J.
Plaintiff moved for summary judgment claiming that it is entitled to interest on a mortgage tax paid under protest and subsequently refunded. Defendant Starosciak, Clerk of the County of Erie, has cross-claimed against defendants Tully, Koerner and Lynch (Commission) for indemnification and the Commission has cross-moved for dismissal of the complaint for failure to state a cause of action.
The essential facts are not in dispute. Plaintiff entered into a building loan mortgage for $40,000,000 with Chase Manhattan Bank. On June 27, 1969 the mortgage was presented to Robert W. Grimm (defendant Starosciak’s predecessor as county clerk) who refused to record the mortgage without the payment of a mortgage tax levied pursuant to section 253 of the Tax Law. Under protest plaintiff paid the tax in the amount of $200,000. On October 24, 1969 plaintiff applied to the Commission for review of this tax levy pursuant to section 251 of the Tax Law. The Commission acknowledged receipt of the application on October 30, 1969. However, it was not until March 17, 1978 that the Commission issued its decision in which it determined that the amount paid was a tax upon a national bank which the State was without power to levy. The Commission ordered a refund but was silent as to payment of interest on that amount. The Commission offered no explanation for the delay of over eight years in handing down its decision.
In May, 1978 plaintiff demanded and defendants refused payment of interest on the tax refund. Plaintiff then instituted this action for declaratory and injunctive relief. The instant motion for summary judgment presents two issues: whether plaintiff is entitled to receive interest on the amount erroneously collected and, if so, the amount of interest to which it is entitled.
Defendant relies on Matter of Brodsky v Murphy (25 NY2d 518) for the proposition that where a tax is erroneously collected under a taxing statute constitutional on its face and no provision for interest is made in the statute providing for a refund, the taxpayer is not entitled to interest. Defendant’s reliance on Brodsky is misplaced, however, inasmuch as this is not a case of a tax "erroneously collected” but rather one involving an unconstitutional application of a tax statute. A similar situation was presented in First Nat. City Bank v City *1062 of New York Fin. Admin. (36 NY2d 87), wherein a national bank paid under protest the city’s commercial occupancy tax. The Appellate Division determined the tax, as applied to the bank, was unconstitutional. It further held that since the tax was unconstitutional the city could not rely on the companion refund provisions to deny interest on the refund (43 AD2d 823). The Court of Appeals upheld the award of interest but modified the decision of the Appellate Division to exclude interest on refunds which it determined to be time-barred (36 NY2d, at p 95). The fact that the court cited Brodsky as well as Matter of O’Berry (179 NY 285) indicates that it found no constraint in awarding interest on the refund under the circumstances.
The facts involved in the action at bar are similar to those in First National City Bank. Plaintiff paid under protest a recording tax on a mortgage of a national banking association. That tax subsequently was determined to be levied unconstitutionally. The fact that the statute was found to be applied unconstitutionally as opposed to being "wholly void” or "unconstitutional per se” does not make this a case of "erroneous collection” as defendant contends. Interest should be awarded where the tax as applied to a party is unconstitutional.
Assuming arguendo that this were not the case and that the decision in Brodsky were controlling, plaintiff nevertheless would be entitled to interest on the amount refunded. In Brodsky, the court stated: "With respect to such tax refunds, interest is not authorized unless the tax statute or other statute applicable to refunds explicitly makes provision for the payment of interest, and perhaps with such limitations, conditions, and qualiñcations as may be appropriate to correct whatever injustice has resulted from the imposition and collection of the tax under a valid statute.” (25 NY2d, at p 523; emphasis added.) The Commission argues against the position that Brodsky authorizes the grant of interest where the equities require it claiming that would be an "attenuated interpretation of murky language by the Brodsky court.” That argument is without merit. A fair reading of the above passage is that it embraces a principle recognized by the Court of Appeals that a court in the exercise of its equity powers may redress injustices which at times result from literal application of statutes. (See, generally, 20 NY Jur, Equity, §§ 65-66, 80.)
The facts here present a situation so offensive to one’s sense *1063 of justice that interest on the refund must be awarded in order to ameliorate that injustice. Through no fault of the plaintiff a substantial amount of money was illegally collected and held for a period of more than eight years with no explanation by the Commission for the delay in making its determination. The conduct of the Commission in this case belies its general mandate to provide the public with a clear, uniform, rapid, inexpensive and just system of resolving tax controversies. (See 20 NYCRR 601.0.) Agricultural Bank v Tax Comm. (392 US 339), decided prior to collection of the tax herein, provided clear authority that the mortgage tax levied on this plaintiff was illegal under the United States Constitution and section 548 of title 12 of the United States Code. Indeed, the Commission relied on that case when it finally did respond to plaintiffs application. The same determination could have been made eight years earlier. While there is no statute or regulation requiring a decision by the Commission to be made within a certain period of time, a reasonable period must be implied. Under no interpretation of the circumstances here can this delay be considered reasonable. It would therefore be unconscionable to deny an award of interest to this plaintiff.
Plaintiffs motion for summary judgment is granted. Judgment shall be entered for interest from the date of payment under protest at the rate of 3% per annum, the maximum rate of interest on an accrued claim against a municipal corporation. (General Municipal Law, § 3-a, subd 1; see First Nat. City Bank v City of New York Fin. Admin., 36 NY2d 87, 95, supra; Matter of Innes & Gaenzler v Village Assessor of Inc. Vil. of Hempstead, 19 AD2d 627.)
Finally, defendant Starosciak’s claim over against the Commission seeks money damages against the State and, therefore, must be brought in the Court of Claims. (Court of Claims Act, § 9.) Accordingly, defendant Starosciak’s cross claim is dismissed with leave to replead if she be so advised.