In the Matter of HOTEL WALDORF-ASTORIA CORPORATION, Respondent, v STATE TAX COMMISSION, Appellant.

Third Department, May 13, 1982

**APPEARANCES OF COUNSEL**

*Robert Abrams, Attorney-General* (*Francis V. Dow* of counsel), for appellant.

*Hale Russel & Gray* (*Peter J. Wade* and *Mark I. Silberblatt* of counsel), for respondent.

**OPINION OF THE COURT**

WEISS, J.

On December 7, 1977, the New York State Employees' Retirement System loaned petitioner $45,000,000, taking

back a first mortgage as security. Although requested, both the Miscellaneous Tax Bureau and the New York City Register refused to give prior opinions on petitioner's claim that no mortgage recording tax was due because the mortgagee enjoyed immunity from taxation as an agency of the State of New York. Petitioner, under protest, was required to pay $562,500 as a mortgage tax upon recording the mortgage. A petition seeking review of the determination denying exemption from the tax was filed with respondent within 20 days, and ultimately, respondent determined that the mortgage was exempt from the recording tax, but denied interest on the refund. Respondent has appealed from the judgment at Special Term ordering payment of interest on the refund at the rate of 6% per annum.

■ Respondent initially attacked the petition as insufficient for its failure to include the City of New York as a necessary party respondent. Special Term rejected this argument on the grounds that respondent's failure to raise the issue at any time during the three-year history of the case precluded raising such contention at this late date, and on the further ground that the city itself failed to move to intervene either at the administrative level or in this CPLR article 78 proceeding. We agree with these reasons and further hold that the city was not a necessary party. The mortgage recording tax was created and is imposed pursuant to article 11 of the Tax Law, and is administered, supervised, and enforced by the State Tax Commission (Tax Law, § 171, subd 6). The City Register, like a County Clerk, is merely the collection agent for the State Tax Commission, whose actions are subject to review by the State Tax Commission (*Matter of Brodsky v Murphy,* 30 AD2d 904, 905, affd 25 NY2d 518, citing *Matter of City of New York v New York Univ.,* 3 AD2d 954, mot for lv to app den 4 AD2d 844). Moreover, and significantly, section 251 of the Tax Law makes all refund procedures subject to control by the State Tax Commission. The city has the right to seek judicial review of respondent's determination under section 251 of the Tax Law, and indeed, has done so in a separate proceeding decided simultaneously with this case. Finally, although CPLR 1003 permits dismissal of an action for failure to join a party who should be joined, and

CPLR 1001 (subd [a]) describes such a party, CPLR 1001 (subd [b]) provides guidance to the court in permitting an action to proceed in the event of nonjoinder of such a party. This court has held that, where the interests of a nonparty, although affected by a judgment, are adequately protected and any possible prejudice is avoided, dismissal should not be granted (*Matter of Sandor v Nyquist,* 45 AD2d 122). Under the circumstances present, we hold that failure to join the City of New York as a respondent should be excused in the interests of justice (CPLR 1001, subd [b]; *Matter of Greaney v Poston,* 50 AD2d 653).

The right to recovery of interest on the refund is a more complex issue. Prior to 1969, the leading case on entitlement to interest on refunds of taxes was *Matter of O'Berry* (179 NY 285), where a transfer tax had been imposed upon the vested remainder under the provisions of a will admitted to probate. The imposition of such a tax upon remainders vested prior to the passage of the taxing statute had been previously held void as being in conflict with the Constitution (*Matter of Pell,* 171 NY 48). The Comptroller, therefore, was directed to refund the tax paid with interest. In the Court of Appeals, a benevolent Associate Judge O'BRIEN wrote, "[t]he obligation to *refund* money received and retained without right implies and carries with it the right to interest" (*Matter of O'Berry, supra,* p 288). In the case of *Matter of Brodsky v Murphy* (25 NY2d 518), in departing from *Matter of O'Berry,* the Court of Appeals held that a taxpayer is not entitled to interest on a refund of mortgage taxes paid under a valid taxing statute which was erroneously interpreted. The court distinguished between refunds of taxes paid under an unconstitutionally void statute as in *Matter of O'Berry,* and those taxes paid because of an erroneous interpretation of a valid tax statute. Then Associate Judge BREITEL, writing for the majority, said: "With respect to such tax refunds, interest is not authorized unless the tax statute or other statute applicable to refunds explicitly makes provision for the payment of interest, *and perhaps with such limitations, conditions, and qualifications as may be appropriate to correct whatever injustice has resulted from the imposition and collection of the tax under a valid statute".* (*Matter of Brodsky v*

*Murphy, supra,* p 523; emphasis added.) Both parties in this proceeding cite this latter clause for support of their respective arguments, respondent urging that the recording tax statute is not void or unconstitutional, and that absent a statutory provision for the payment of interest, none may be recovered. Petitioner, on the other hand, would have this court hold that the emphasized part of the sentence creates a window of vulnerability to permit a court to correct a manifest injustice even in the absence of an explicit statutory provision for the recovery of interest.*

The entitlement to interest issue again appeared in the case of *Matter of First Nat. City Bank v City of New York Fin. Admin.* (43 AD2d 823, mod 36 NY2d 87), where a national bank sought a refund of commercial rent or occupancy taxes paid under protest on the ground that the Court of Appeals had previously held that national banks are immune from State and local taxes under the United States Constitution (art VI, cl 2) (*Liberty Nat. Bank & Trust Co. v Buscaglia,* 21 NY2d 357, affd upon rearg 23 NY2d 933, cert den 396 US 941). Then Chief Judge BREI-TEL, writing for a unanimous court, held, "[f]inally, on that portion of the taxes, refund of which is not barred by the Statute of Limitations, the bank should be awarded, as it was at the Appellate Division, interest at 3% from the dates of payment" (*Matter of First Nat. City Bank v City of New York Fin. Admin., supra,* p 95). Almost simultaneously, in 1975, this court, in confirming the refund of mortgage recording taxes, denied the recovery of interest holding that "none is awarded since the Tax Law makes no provision therefor and the tax here was collected under a valid statute erroneously interpreted" (*Matter of City of New York v Procaccino,* 46 AD2d 594, 595, citing *Matter of Brodsky v Murphy, supra*). The basis for the refund in the *Procaccino* case was that no new additional debt was created; rather there existed only a consolidation of previous indebtedness upon which the tax had already been paid

---

* It appears that petitioner was unable to obtain an opinion on the propriety of the imposition of the tax from the Miscellaneous Tax Bureau and the City Register before the closing, and thus paid the tax under protest. Moreover, application was made promptly to respondent for a refund, but the conduct of a hearing and making of a determination by respondent took over two and one-half years.

(see, also, *CC&F Buffalo Dev. Co. v Tully,* 103 Misc 2d 1060). Finally, we note that the Court of Appeals in *Matter of City of New York v Tully* (55 NY2d 960, 962), included in its memorandum decision the statement "[a]dditionally, we note that respondent taxpayer is not entitled to interest on its refund from the time of payment of the tax *(Matter of Brodsky v Murphy,* 25 NY2d 518)", although the recovery of interest was neither presented to, nor considered by this court (see *Matter of City of New York v Tully,* 75 AD2d 246, revd 55 NY2d 960, *supra).*

██ We are constrained to distinguish the *Brodsky, Procaccino* and *Tully* cases where the recovery of interest was not allowed upon the refund of taxes "erroneously collected" under an otherwise valid and constitutional statute, from the rule of *Matter of First Nat. City Bank (supra)* where the petition raised the taxing statute's unconstitutional application. Here, as a State agency, the Retirement System enjoys an immunity from taxation independent of the statutory exemptions listed in section 252 of the Tax Law for property utilized in the public interest (see *Glassman v Glassman,* 309 NY 436, 440; see, also, *Bush Term. Co. v City of New York,* 282 NY 306, 318-321; *Matter of Hamilton,* 148 NY 310, 313-314). The fact that the property here consisted of funds loaned to a private party does not negate this immunity, since the Retirement System's funds are primarily maintained for a public use *(Matter of County of Erie v Kerr,* 49 AD2d 174, 179). It follows, therefore, that the imposition of the recording tax pursuant to section 253 of the Tax Law was unlawful under the rule of *Matter of First Nat. City Bank (supra).* Accordingly, recovery of interest upon the tax refund, even in the absence of specific provision for interest in the taxing statute, must be allowed.

Finally, we hold that Special Term correctly awarded petitioner interest at the rate of 6% per annum under section 16 of the State Finance Law. This is a claim against the State, not against the City of New York, and therefore the limitation of the rate of interest in section 3-a of the General Municipal Law is inapplicable. Petitioner will not be made whole even at this rate. The improvident and unexplained delay in these proceedings can in no way be

attributed to petitioner, which even at this date has not received its refund.

The judgment should be affirmed, without costs.

KANE, J. P., MIKOLL, YESAWICH, JR., and LEVINE, JJ., concur.

Judgment affirmed, without costs.