■ In the Matter of ARNOT-OGDEN MEMORIAL HOSPITAL, Respondent, v DAVID AXELROD, as Commissioner of Health, Appellant. — Appeal from an order of the Supreme Court at Special Term (Ellison, J.), entered October 25, 1982 in Chemung County, which, in a proceeding pursuant to CPLR article 78, denied respondent's motion to vacate a judgment of default entered against him. The underlying CPLR article 78 proceeding was commenced on June 12, 1981 to challenge the revised Medicaid reimbursement rate determination for petitioner's skilled nursing facility for the years 1976 through 1980. Special Term dismissed the petition upon the condition that respondent complete an administrative rehearing and make a final determination by October 15, 1981. Respondent failed to complete the rehearing, and by order of November 16, 1981, respondent was directed to file a certified transcript and/or affidavits or other written proof demonstrating the basis of the rate determination within 15 days (CPLR 7804, subd [e]). The time for filing was extended by consent until December 15, 1981, at which time the Assistant Attorney-General filed an affidavit claiming that a final determination was near completion and that a certified transcript, affidavits, and other materials would soon be available. By letter dated December 17, 1981, respondent advised petitioner that a hearing was not warranted since there were no issues of fact to be decided, thus exhausting petitioner's administrative remedy. Upon respondent's failure to provide documentation of his determination, petitioner's motion for a default

judgment was granted in an order entered March 8, 1982, conditioned, however, on respondent supplying the necessary information within 30 days. Respondent's appeal from this order was dismissed on November 9, 1982 for failure to perfect. The required material was not provided and by order entered June 15, 1982, default judgment was granted annulling respondent's rate determinations for the period between January 1, 1976 and December 31, 1980 and the rates were fixed as requested by petitioner. Two days later, respondent submitted to Special Term three certified packets of records and, on July 9, 1982, filed a notice of appeal from the default judgment.[*] Respondent's motion to open and/or vacate the default judgment was denied by order entered October 25, 1982, giving rise to this appeal. Initially, respondent urges that the failure to join the Director of the Budget (CPLR 1001, 1003) deprived the court of subject matter jurisdiction. We disagree. We recognize that complete relief could not be accorded petitioner without an appearance by the Director of the Budget since reimbursement rates which are certified by the respondent commissioner must be submitted to the Director of the Budget for final approval (Public Health Law, § 2807, subd 2, par [a]; § 3614, subds 2, 3; cf. *Arnot-Ogden Mem. Hosp. v Blue Cross of Cent. N. Y.,* 92 AD2d 629). It follows that the Director of the Budget should have been joined as a party (CPLR 1001). While the court is authorized to add a necessary party at any stage of the action (CPLR 1003), it further appears that the four-month Statute of Limitations had run with respect to the State director precluding the court from compelling his appearance. We nonetheless conclude that the failure to join the director should be excused in the interests of justice and the proceeding allowed to proceed since the Director of the Budget is not an indispensible party (CPLR 1001, subd [b]; *Matter of Hotel Waldorf-Astoria Corp. v State Tax Comm.,* 86 AD2d 330, 331-332; *Matter of Sandor v Nyquist,* 45 AD2d 122, 124). In making this determination, we emphasize that this action is petitioner's only available remedy; neither respondent nor the Director of the Budget have been prejudiced since the latter continues to have final approval of the proposed reimbursement rates; respondent failed to advise the court and petitioner of the State director's absence which would have prevented any prejudice; and, insofar as the petition speaks to respondent's rate certification, an effective judgment may be rendered (CPLR 1001, subd [b]). Respondent next contends that CPLR 7804 (subd [e]) authorizes entry of a default judgment in an article 78 proceeding only where an *answer* is not served. Having served his answer, respondent now asserts that the court's jurisdiction was limited to simply ordering him to provide the pertinent information, i.e., certified transcripts, affidavits, and other written proofs. We disagree. The mere filing and serving of an answer is insufficient to satisfy the disclosure requirements of CPLR 7804 (subd [e]). The obvious purpose of this provision is to require full disclosure and the risk of a default judgment results from noncompliance. The issue is thus distilled to whether refusal to vacate the default judgment was an abuse of discretion. The record confirms that the judgment was entered pursuant to CPLR 3126 (subd 3) as a penalty for failure to disclose the information underlying the reimbursement rates determination. It is clear that CPLR 7804 (subd [e]) required respondent to file a certified transcript of the proceedings in issue, together with affidavits and other written proof showing such evidentiary facts as would require a trial. While we recognize that the severe sanction of default for failure to comply with a disclosure order should be granted sparingly (see *Cinelli v Radcliffe,* 35 AD2d 829), and only where the party's omission is clearly willful (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3126, p 646),

---

[*] Respondent's appeal was dismissed by order of this court on December 28, 1982 since no appeal lies from a judgment granted upon default (CPLR 5511).

respondent's repeated failure to meet statutory and court-ordered deadlines without any viable excuse provided ample basis for the sanction (*Sony Corp. of Amer. v Savemart, Inc.,* 59 AD2d 676). In the affidavit in support of the motion to open the default judgment, the Assistant Attorney-General stated "the accumulation of data into a certified comprehensive record has been a time-consuming task," without any demonstration of the effort involved in obtaining these materials. Moreover, if respondent encountered difficulty in meeting the 30-day filing order of March 8, 1982, he should have moved for an extension of time and, at a minimum, apprised the court of any imminent delay. No such efforts were made. Nor are we persuaded by respondent's argument that he acted reasonably in the belief his appeal from the conditional order of March 8, 1982 stayed enforcement of the judgment (see CPLR 5519, subd [a], par 1). In our view, this excuse is discredited by the fact respondent failed to perfect that appeal, even after this court allowed additional opportunity to do so. Such actions lead us to the inescapable conclusion that respondent was merely attempting to employ yet another delaying tactic. Finally, respondent's reliance on a pending class action in Federal court challenging the department's rate-setting methodology to excuse the delay is without merit. This record demonstrates a contumacious disregard of the court's authority by evading disclosure. That respondent provided the certified records two days after entry of default judgment does not negate this behavior, but lends further support to the fact that respondent could have accumulated such data on time. Indeed, from the rate review officer's determination made December 17, 1982 that no hearing was required, it may be presumed the supporting documentation was then available, or at least should have been. This being the case, we find respondent has failed to establish a justifiable excuse for his repeated delay, and thus Special Term properly refused to vacate the default judgment (*Marine Midland Bank v Tooker,* 78 AD2d 755). We note, however, that since the Director of the Budget was not included in the proceeding, Special Term could grant petitioner relief only with respect to respondent's rate-making authority (see Public Health Law, § 2807, subd 3). Therefore, the judgment must be amended by deleting that part which fixed petitioner's Medicaid reimbursement rates, and by directing respondent to certify those rates which were proposed by petitioner in its petition. Order modified, on the law, by granting respondent's motion to the extent that the judgment entered June 15, 1982 be modified by deleting the portion thereof which fixed petitioner's Medicaid reimbursement rates, and by adding thereto a provision directing respondent to certify the rates which were proposed by petitioner in its petition, and, as so modified, affirmed, with costs to petitioner. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.